Duy Thai, SBN 157345
One Sansome Street, Suite 3500
San Francisco, California 94104
Tel: 415 296-9927
Fax: 415 230-5779

Attorney for Movant
Charles Li

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE THAI MING CHIU<br>   aka SIMON CHIU<br>   aka SIMON THAI MING CHIU<br><br>                     Debtor. | Case No.: 22-30405-HLB<br><br>Chapter 13<br><br>R.S. No.: DQT-001<br><br>MEMORANDUM OF POINTS AND AIUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(4)<br><br>Date:    February 2, 2022<br>Time:   1:00 p.m.<br>Judge:  Hon. Hannah L. Blumenstiel<br>Place:   450 Golden Gate Avenue<br>            San Francisco, CA 94102<br>Courtroom: 19 |

Creditor Charles Li submits this motion for prospective in rem relief from automatic bankruptcy stay pursuant to 11 U.S.C. § 362(d)(4). Creditor Li is also filing a motion to convert Debtor Thai Ming Chiu's Chapter 13 petition to Chapter 7 and believes that conversion is the most appropriate response to Debtor's bad faith bankruptcy filing. However, on December 15, 2022, the Chapter 13 Trustee filed a motion to dismiss the

bankruptcy entirely. Creditor Li hereby moves that, should the Court decides to dismiss the matter, it must also issue an Order granting Creditor Li relief under 11 U.S.C. § 362(d)(4).

The grounds for either conversion or dismissal are similar. The present bankruptcy petition is nothing but the latest chapter in a long-running scheme by disbarred attorney Demas Yan and his family, including Debtor Chiu, to defraud creditors, in particular Creditor Li. Debtor Chiu has been involved in three bankruptcies that affected the same property he owns at 768 38th Avenue, San Francisco, California (the "38th Avenue Property"). Two of them involved a sham 1% transfer of the property to 818 Green Street LLC ("818 LLC"), a shell entity connected to Demas Yan, which then filed petitions in both the Northern District and Southern District of California.[1] The 1% transfer, the hit-and-run bankruptcy filing in this Court, and the second filing in a distant forum purely to burden creditor Li all point to classic abuse of the bankruptcy process and exploitation of the automatic stay by someone who is merely trying to escape paying the judgments he owes to Creditor Li.

Debtor Chiu's current Chapter 13 petition displays the same lack of good faith. He filed it just days before the most recently-scheduled sheriff's sale of the 38th Avenue Property. He misrepresented creditor Li's state court judgment against him as something still to be resolved when he had already lost five appeals in the case. Despite multiple creditors' objections to his plan, he has done nothing to amend the plan or resolve any objections. The Debtor's case remains stagnant, prompting the Chapter 13 Trustee to file his otion to dismiss.

However, given Debtor's long history of bankruptcy abuse and participation in multiple bad faith bankruptcy filings, a simple dismissal is not enough. It is virtually guaranteed that Debtor Chiu will file another bad faith, fraudulent bankruptcy petition the next time a sheriff's sale is scheduled. If the Court does not grant Creditor

---

[1] Case No. 19-41624-CN (N.D.Cal.); Case No. 8:19-bk-14452-MW (C.D. Cal.).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF
FROM AUTOMATIC STAY (*In Re Thai Ming Chiu*, No. 22-30405-HLB)

Li's motion to convert to Chapter 7, in rem relief from automatic stay must be attached to any dismissal so that movant Li can proceed with enforcing his judgments against the Yan family, including Debtor Chiu, after years of delay.

## I. Factual Background

### A. Movant's Underlying Litigation and Judgment Against Demas Yan

Debtor Chiu is the brother-in-law of Demas Yan. Thai Decl., ¶ 2. In *Charles Li v. Demas Yan*, CGC-10-497990 (San Francisco Superior Court), Creditor Li obtained a judgment against Demas Yan for legal malpractice, unauthorized practice of law, and fraud, among other claims. Thai Decl., Exh. A, pp. 2-3. Yan, while in law school in the late-2000's, had given Creditor Li, a retired Chinese-American with limited knowledge of English and the legal system, legal advice on a contract as to which Yan himself had liability to Li. *Id.*, p. 2. Yan at the time was in his own epic personal bankruptcy case, *In re Yan*, 04-33526 TEC (Bkcy. N.D.Cal.), and he prevailed upon Creditor Li to withdraw a bankruptcy claim based on the contract[2]. *Id.* After he was admitted to the bar, Yan formally appeared as Creditor Li's attorney even though he had a pending lawsuit as a plaintiff against Li. *Li v. Yan*, 247 Cal. App. 4th 56, 61 (2016); *see also* Thai Decl., Exh. A, pp. 2-3.

When Creditor Li finally understood Yan's conflict of interest, he attempted to revive his bankruptcy claim. Thereupon, four of Yan's relatives, including Debtor, filed late competing claims against his estate, alleging spurious loans they had made to him. Thai Decl., ¶ 3. This Court disallowed their claims and the Bankruptcy Appellate Panel affirmed, remarking upon the highly suspicious timing and manner of their occurrence. *In re Yan*, No. NC-10-1476-JUHPA, 2011 WL 2923855, at *2 (B.A.P. 9th Cir. 2011) ("[T]he trustee was about to make a distribution to postpetition lien creditors and that Li came in with a claim and then 'all of a sudden relatives came out of

---

[2] Debtor Yan filed an Objection to Mr. Li's claim in Yan's bankruptcy case and coerced Mr. Li to withdraw his claims.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF
FROM AUTOMATIC STAY (*In Re Thai Ming Chiu*, No. 22-30405-HLB)

the woodwork at the last minute'."). Yan, incredibly, represented Debtor Chiu in the appeal of the denial of his proof of claim against Yan himself, leading the B.A.P. to remark upon the stunning conflict of interest. *In re Yan*, *supra*, 2011 WL 2923855, at *7.

Creditor Li was ultimately unable to revive his creditor's claim in bankruptcy court for other reasons. Therefore, he filed the *Li v. Yan* malpractice action in 2010 and won at trial in 2012. The *Li v. Yan* judgment was affirmed in an unpublished opinion by the First District Court of Appeal. It has been modified several times to add attorneys' fees, and the Fifth Amended Judgment, entered on November 30, 2018, currently stands at $1,498,422.01. It remains unsatisfied. Thai Decl., ¶ 4. A separate appeal over post-judgment discovery resulted in a published opinion. *See Li v. Yan*, 247 Cal.App.4th 56. Noting Yan's "frankly, hard to believe" protestations of penury and the "claimed transfer(s) to members of his family, who may be complicit in Yan's machinations," the California court of appeal affirmed an order for him to produce his tax returns. *Li*, 247 Cal. App. 4th at 68, 69. He continues to refuse to do so. Thai Decl., ¶ 4.

**B. Fraudulent Transfer Action Against Debtor Chiu, Demas Yan, and Other Relatives.**

During debtor's examinations to enforce the *Li v. Yan* judgment, Creditor Li learned that Demas Yan had transferred his sole substantial asset, a three-unit residential building at 547 23rd Avenue, San Francisco, California, to several relatives, including Debtor Chiu. Thus, in 2014 Creditor Li had to file a new action for fraudulent transfer. *Charles Li v. Thai Ming Chiu, et al.*, CGC-14-537574 (San Francisco Superior Court). Yan was also a defendant in *Li v. Chiu, et al.*, and he served as his relatives' attorney through trial and appeal. Thai Decl., ¶ 5. Debtor's abuse of the discovery process was so egregious that the trial judge initially entered terminating sanctions against him but later granted him a reprieve, giving him the benefit of the doubt that the misconduct was Yan's. Thai Decl., Exh. A, p. 5. As was factually found at trial, Demas Yan and his parents passed real property back and forth among themselves under various pretenses. Thai Decl., Exh. A, p. 7.

After winning once again at trial, Creditor Li obtained a judgment that set aside the challenged property transfer and entered separate monetary awards against the transferee-relatives for the value of the property interest transferred to them. The judgment permitted Creditor Li to enforce against any or all of the defendants so long as each defendant pays no more than the specific monetary award amount against them, and so long as Creditor Li recovers no more than his total underlying judgment. The amount entered against Debtor Chiu is $324,167.58 and has not been satisfied, and post-judgment interest has been accruing. Thai Decl., ¶ 6; *see also id.*, Exh. A, p. 9.

## C.   Enforcement of *Li v. Chiu, et al.*, Judgment and Debtor Chiu's Multiple Failed Appeals.

To collect on his judgment, Creditor Li acted first against the property clawed back from Demas Yan. However, in 2018, Yan effected yet another transfer of the building to his wife and an unknown third party. Creditor Li was therefore forced to file *Charles Li v. Mei Ling Fang, et al.*, CGC-18-571386 (San Francisco Superior Court). Creditor Li then, in parallel, began activities to collect on the money judgment against Debtor Chiu. Thai Decl., ¶ 7.

Debtor Chiu filed *three* appeals challenging the substance of the money judgment (in addition to other collateral appeals). He lost them all. On May 31, 2018, the First District Court of Appeal affirmed the judgment in virtually all parts, reversing only as to the attorneys' fees that had been awarded against Chiu (Appeal No. A149849). Thai Decl., Exh. A, pp. 19-21. Chiu argued that the property interest was transferred to him to repay the debt from Demas Yan that was the subject of Chiu's disallowed creditor's claim. The California court of appeal, however, recognized and respected the res judicata effect of this Bankruptcy Court's disallowance of that claim, which substantively adjudicated that the alleged debt did not exist. Thai Decl., Exh. A, pp. 15-18. The superior court then entered a Second Amended Judgment ("SAJ") on November 16, 2018 to conform with the court of appeal's remittitur. Thai Decl., Exh. B. The SAJ is secured

by an abstract of judgment recorded against Debtor Chiu's real property on November 26, 2018. Thai Decl., Exh. C; *id.*, ¶ 8.

Debtor then filed a motion to set aside the SAJ, and, when that was denied, filed a second notice of appeal of *Li v. Chiu, et al*. (Appeal No. A156760), now arguing that the court exceeded its jurisdiction in awarding a monetary judgment against Debtor as an alternative remedy to setting aside the challenged transfer. Thai Decl., Exh. D; *id.*, ¶ 9. On December 22, 2020, the court of appeal again affirmed, holding that "defendants forfeited their 'dual remedies' argument by failing to raise it in their prior appeal, the judgment is not void, and the transferee defendants have failed to provide an adequate record for review." Thai Decl., Exh. D, p. 8. The California court of appeal noted that this was not Debtor's first appeal of the judgment and made clear that Debtor may not invoke Cal. Code Civ. Pro. § 473(d) to set aside the judgment at any time. Thai Decl., Exh. D , pp. 9-12.[3]

When the disruptions due to the coronavirus pandemic had abated, and Creditor Li resumed judgment enforcement activity, Debtor Chiu filed another appeal, attacking the superior court's second order for sale of Debtor's dwelling, making the same excess of jurisdiction argument. (Appeal No. A163866.) On August 1, 2022, the California court of appeal again affirmed the *Li v. Chiu, et al.*, judgment. Thai Decl., ¶ 10; *id.*, Exh. E. As the court noted, "[t]his is defendants' fifth appeal in this case." Thai Decl., Exh. E, p.1 n.1. After disposing of Debtor's procedural arguments, the court held: "Defendants' additional contention – that the underlying judgment is void for granting relief unauthorized by the UVTA – is a rehash of an argument we have twice rejected." Thai Decl., Exh. E, p. 5. Although Creditor Li's request for appellate sanctions was denied for procedural reasons, the court of appeal sternly "warn[ed] defendants that

---

[3] The court of appeal concurrently rejected Debtor's parallel appeal (California Court of Appeal, First District, Appeal No. A158050) of the order for sale of his dwelling.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY (*In Re Thai Ming Chiu*, No. 22-30405-HLB)

relitigating issues previously decided against them in subsequent appeals may subject defendants to sanctions." Thai Decl., Exh. E, p. 5.

### D. Debtor Chiu's Machinations in the Bankruptcy Court.

Because the *Li v. Chiu, et al.*, defendants were unable to stay execution pending their appeals, Creditor Li kept moving on multiple avenues of enforcement. He obtained an order for sale of Chiu's dwelling, and the sheriff scheduled the sales for July 23, 2019. Thai Decl., Exhs. F and G . On July 16, a grant deed was recorded conveying 1% of Debtor's home to an entity called 818 Green Street LLC ("818 LLC"), which then filed for bankruptcy in this Court on July 18, 2019. *In re 818 Green Street LLC*, No. 19-41624-CN (N.D.Cal. Bkcy); *see also* Thai Decl., Exhs. H and I. 818 LLC had filed a previous bankruptcy, No. 14-42286 WJL, (N.D.Cal. Bkcy), after purportedly receiving real estate transferred through an unrecorded deed. Debtor 818 LLC's owner, Harry Nguyen, informed the trustee's counsel that he purchased the property from "Demis Yan" with a $50,000.00 promissory note, with no cash changing hands. Thai Decl., Exh. J, p. 2. The Honorable Charles Novack granted Creditor Li in rem relief from stay pursuant to 11 U.S.C. § 362(d)(4) but later withdrew it because 818 LLC's woefully deficient petition had already been summarily dismissed. Thai Decl., ¶ 11, *see id.*, Exh. I, ECF Nos. 23 and 37 .

The next sheriff's sale was scheduled for November 19, 2019. Having dodged in rem relief from automatic stay, 818 LLC filed for bankruptcy again on November 14, 2019, in the Central District of California, to which it had no known connection (No. 8:19-bk-14452-MW). Thai Decl., Exh. K. Creditor Li had to retain bankruptcy counsel in the distant forum and obtained an order for 11 U.S.C. § 362(d)(4) in rem relief from the Central District on June 11, 2020. Thai Decl., Exh. L. By that time, however, Debtor was enjoying the de facto stay of execution provided by the coronavirus pandemic and its shelter-in-place orders. As the courts slowly reopened for civil matters in 2021, Creditor Li filed renewed applications for an order for sale of Debtor Chiu's

Case: 22-30405  Doc# 26  Filed: 12/16/22  Entered: 12/16/22 18:48:09  Page 7 of 12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY (*In Re Thai Ming Chiu*, No. 22-30405-HLB)

dwelling, which the San Francisco Superior Court issued on November 2, 2021, finding that "there was a willful, deliberate and intentional failure to cooperate with the appraisal of the property." Thai Decl., Exh. M. Debtor Chiu then filed Appeal No. A158050, discussed above. By the time the San Francisco Sheriff's Department could schedule another sale, for August 16, 2022, the in rem relief from the Central District had expired. Thai Decl., Exh. N. Debtor filed the present petition on August 5, 2022.

## II. ARGUMENT

### A. Prospective In Rem Relief from Automatic Stay Must Be Granted.

The present situation fits the classic model of bankruptcy fraud: A judgment debtor on the verge of an execution sale files for bankruptcy. After movant Li and other creditors filed objections to his Chapter 13 plans in September 2022, Debtor did nothing to amend it or to show that it is feasible. This follows over a decade of abusing the bankruptcy process to protect his own assets and Demas Yan's, beginning with the "relatives come out of the woodwork" proof of claim in 2010, on to the conspiracy with 818 LLC, an entity obviously connected to Demas Yan, to file the fraudulent bankruptcies in 2019, and on to the two bankruptcies filed in recent months by Debtor and his mother-in-law. Debtor's behavior conforms with the behavior of the rest of his family, as discussed above. That should not be surprising: Demas Yan has been the attorney for all of them and his disbarment file mentions multiple instances of his counseling bankruptcy abuse for other clients.

Creditor Li will also be seeking a Court order to convert the Debtor's Chapter case to a Chapter 7. Merely dismissing the petition or lifting the automatic stay would not be sufficient. The facts above clearly establish an expansive, long-running scheme to hinder, delay, or defraud creditors in general and movant Li in particular. They leave little doubt that when the next scheduled sheriff's sale approaches, Debtor, following Demas Yan's advice, will file another sham bankruptcy petition to escape

execution. Prospective in rem relief is therefore necessary and fully warranted. Thai Decl., ¶ 13.

**B.    Scheme to Hinder, Delay or Defraud Creditors Is Apparent from History of the Parties.**

In granting relief under Section 362(d)(4), bankruptcy courts require the following explicit findings: (i) the bankruptcy case is part of a scheme, (ii) the object of the scheme was to hinder, delay or defraud creditors, (iii) the scheme involved either (a) a transfer of some interest in real property without the secured creditor's consent or (b) multiple bankruptcy filings affecting the property. *In re First Yorkshire Holdings, Inc*., 470 B.R. 864 (B.A.P. 9th Cir. 2012). Relief under Section 362(d)(4) may be granted by motion. An adversary proceeding is not required to be filed. *In re 4th St. E. Inv'rs, Inc.*, 474 B.R. 709, 712 (Bankr. C.D. Cal. 2012). No evidentiary hearing is necessary, as the bankruptcy court may infer an intent to hinder, delay, and defraud creditors from the fact of serial filings alone. *In re Procel*, 467 B.R. 297, 308 (Bankr. S.D.N.Y. 2012); *see also In re Montalvo*, 416 B.R. 381, 387–88 (Bankr. E.D.N.Y. 2009).

All the required elements can be found here. First, as shown above, Debtor Chiu has been involved for more than a decade in a scheme to shelter Demas Yan's property and then to shelter his own property. Second, the object for this long-running scheme has been to hinder, delay or defraud creditors, and in particular Creditor Li.

Finally, Debtor Chiu's scheme involved a transfer of property without creditors' approval *and* multiple bankruptcies – all affecting the same 38th Avenue Property.

1.    818 LLC filed Case No. 19-41624-CN (N.D.Cal.) after Debtor Chiu transferred 1% of the 38th Avenue Property to 818 LLC. Creditor Li had recorded an abstract of judgment on the property and never gave consent for the transfer. The automatic bankruptcy stay forced the San Francisco Sheriff to cancel the scheduled sale of the 38th Avenue Property..

2.      818 LLC filed Case No. 8:19-bk-14452-MW (C.D. Cal.), once again tying up Debtor Chiu's 38th Avenue Property to 818 LLC and throwing of the second scheduled sheriff's sale of the building.

3.      Debtor Chiu filed the present Chapter 13 bankruptcy petition. For the third time, the San Francisco Sheriff had to cancel a sale of the 38th Avenue Property.

Although the current bankruptcy filing, unlike previous ones, did not involve a sham transfer of a nominal property interest to tie up the entire property in a bankruptcy stay, it is obviously part of a long-running course of conduct by Debtor Chiu, in conspiracy with Demas Yan and his relatives and entities aimed squarely to hinder, delay, and defraud Creditor Li. Debtor Chiu has stepped in at least four times to help his brother-in-law and harm movant Li. Starting twelve years ago, he filed a competing creditor's claim in Demas Yan's bankruptcy case, which was thrown out by the Court because it was invalid and transparently aimed at blocking Li's effort to revive his own creditor's claim. *In re Yan*, 2011 WL 2923855 at *2. Then in 2012, just after movant Li had won his legal malpractice trial against his brother-in-law, Chiu took real property out of Demas Yan's name to shelter it from the judgment. In 2019 and now in 2022, Debtor and his 38th Avenue Property were involved in three bankruptcy filings, in two judicial districts, just days before movant Li was scheduled to collect on his judgment.

The scheme and pattern of fraud are clear to see, as is Debtor's decade-plus involvement in it. The bankruptcy statute providing for prospective in rem relief from the automatic stay does not require that the debtor be the one that created the scheme or carried it out. *In re Dorsey*, 476 B.R. 261, 267 (Bankr. C.D. Cal. 2012). A debtor's failure to properly prosecute its bankruptcy case is an indicator of participation in the fraudulent scheme. *In re Richmond*, 513 B.R. 34, 38 (Bankr. E.D.N.Y. 2014); *In re Blair*, No. 09–76150, 2009 WL 5203738, at *4–5 (Bankr. E.D.N.Y. 2009) (granting in rem relief in part because debtor's failure to prosecute his case to any meaningful extent supports permissible inference of intent to hinder, delay, and defraud). Here, Debtor Chiu

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY (*In re Thai Ming Chiu*, No. 22-30405-HLB)

has done nothing to present a confirmable Chapter 13 plan after it received his creditors' well-grounded objections.

WHEREFORE, Creditor Li respectfully requests this Court grant relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(4) and prays for judgment as follows:

1. Termination of the automatic stay pursuant to 11 U.S.C. § 362(d)(4) to allow Creditor Li to enforce his Judgment, including, but not limited to, enforcing his rights against the 38th Avenue Property;

2. If recorded in compliance with applicable state law governing notices of interest or liens in the 38th Avenue Property, the Order shall be binding and effective under 11 U.S.C. § 362(d)(4)(B) in any other bankruptcy case purporting to affect the 38th Avenue Property filed not later than two (2) years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local governmental unit that accepts notices of interest or liens in real property shall accept a certified copy of this Order for indexing and recording;

3. For an Order that the 10-day stay described by Fed. R. Bankr. P. 4001(a)(3) be waived;

4. For an Order modifying the automatic stay to protect Creditor Li's interest, as the Court deems proper;

5. For such other relief as the Court deems proper.

DATED: December 16, 2022

_____
/s/ Duy Thai
Duy Thai
Attorney for Movant
Charles Li

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF
FROM AUTOMATIC STAY (*In re Thai Ming Chiu*, No. 22-30405-HLB)

CERTIFICATE OF SERVICE

1

2    I declare that I am employed in the City and County of San Francisco, California.

3   My address is One Sansome Street, Suite 3500, San Francisco, California 94104. I am

4   over the age of eighteen years and am not a party to the within-entitled cause of action or

5   proceeding.

6    Today, I served the attached documents:

7   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
8   FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(4)

9   and by electronic means to persons confirmed to be registered participants in the
    Electronic Filing System and that such persons are, in fact, receiving the Court's Notice
10  of Electronic Filing in this subject case. I caused an electronic copy of the above to be
    electronically filed and served to:
11

12  Eddy Hsu (attorney for debtor)          David Burchard
    Law Office of Eddy Hsu                   P.O. Box 8059
13  1900 S. Norfolk St. #350                 Foster City, CA 94404
    San Mateo, CA 94403
14

15
     I declare under penalty of perjury under the laws of the United States of America
16
    that the foregoing is true and correct and that this declaration was executed in San
17
    Francisco, California on December 16, 2022.
18

19                                           /s/ Duy Thai
                                                  Duy Thai
20

21

22

23

24

25

26

27

28
                            CERTIFICATE OF SERVICE