```
EDDY HSU, ESQ. (BAR # 245390)
LAW OFFICE OF EDDY HSU
1900 S NORFOLK ST, SUITE 350
SAN MATEO, CA 94403
(650) 577-5950
Attorneys for Debtor(s)
```

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>**Thai Ming Chiu**,<br><br>Debtor(s). | Case No. 22-30405<br><br>Chapter 13<br><br>**OBJECTION TO CLAIM #5; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Claimant: Charles Li |

The Debtor(s) object(s) to the allowance of the claim described as:

NAME & ADDRESS OF CLAIMANT (as set forth on Proof of Claim)　DOLLAR AMT　DATE FILED
\* Charles Li c/o Duy Law Firm　　　　　　　　　　　　　　　　　$1,000,000.00　　10/18/2022
\* 1 Sansome Street, Suite 3500
\* San Francisco, CA 94104

The basis for the objection is that the claim:

_X_    Creditor's lawsuit in unliquidated and needs to be resolved in State court.  Please see Debtor's Declaration in Support

The Objecting Party will ask the Court to enter an Order providing that the claim is:

_X_    Creditor's claim #5 be set to $0.00 pending the outcome of lawsuit.


Dated: December 16, 2022　　　　　　　　_____/s/ Eddy Hsu_____
　　　　　　　　　　　　　　　　　　　　　Eddy Hsu, Esq,
　　　　　　　　　　　　　　　　　　　　　Attorney for Debtor

# MEMORANDUM OF POINTS AND AUTHORITIES

**Relevant facts**

1. Debtor filed for bankruptcy on August 10, 2022.

2. Creditor Charles Li (herein "**Li**") filed Proof Claim 5 for $1,000,000.00 on October 18, 2022. (**Exhibit A**). In the proof of claim, Li lists lawsuit CGC-20-585017 where he cross-complained as the basis for his claim against the Debtor. (Herein "**Lawsuit**" which is also attached to Exhibit A)

3. In the **Lawsuit**, the State Court granted a demurrer and dismissed Charles Li's lawsuit with leave to amend on June 6, 2022.

4. Aside from this **Lawsuit**, Creditor Li holds an abstract of judgment which Li filed as a secured creditor under proof of claim #4.

## DEBTOR'S OBJECTION TO PROOF OF CLAIM SHOULD BE GRANTED BECAUSE THERE IS NO VALID OR LIQUIDATED CLAIM HELD BY LI.

5. In the **Lawsuit**, Defendant Benita Chiu obtained a dismissal of Creditor's entire case. Here is the actual docket text dated June 6, 2022

   > "REAL PROPERTY/HOUSING MOTION 501, CROSS DEFENDANT BENITA CHIU'S DEMURRER TO CROSS-COMPLAINT IS SUSTAINED WITH LEAVE TO AMEND TO ALLEGE LAST OVERT ACTION WITHIN 3 YEARS OF FILING OF ACTION AND TO ALLEGE FACTS IN SUPPORT OF EACH ELEMENT OF UCL CAUSE OF ACTION. PREVAILING PARTY TO PREPARE ORDER IN COMPLIANCE WITH CRC 3.1312(B). JUDGE: CHARLES F. HAINES; CLERK: KENNETH B. HUNT; NOT REPORTED. (D501)"

6. Therefore, the **Lawsuit** filed by Li is dismissed and not a basis for debt. Without a basis for debt, the claim should not be allowed.

7. Specifically, the Court notes that Li must limit his claims to actions within the last 3 years which bars Li's long history of grievances against Debtor's brother in law, Dennis Yan.

Without this history, Li will not be able to prove a "conspiracy" to hide Dennis Yan's assets. Without this "conspiracy" there will be no claim of damages.

**DEBTOR'S OBJECTION TO PROOF OF CLAIM SHOULD BE SUSTAINED BECAUSE THE STATE COURT HAS NOT LIQUIDATED THE CLAIM.**

8. If the Court were to assume that Li could have a valid claim then the matter should properly be adjudicated in State court under the **Lawsuit** because the lawsuit demands punitive damages against each named defendants.

9. Specifically, there are 9 other named defendants who are integral to the **Lawsuit**. This bankruptcy court has no jurisdiction on those parties and any findings by this Court against those parties are not binding. Indeed, none of the other defendants have consented to bankruptcy jurisdiction nor are they named creditors.

10. However, the State court does have jurisdiction on the other (9) defendants including a request for default against at least 1 party. Judicial economy alone is enough to allow the State court to liquidate the lawsuit.

11. The State court holding jurisdiction over the **Lawsuit** is the best venue to adjudicate all claims in the **Lawsuit** and identity if Debtor owes any money.

In summary,

A. The claim should be disallowed because the underlying **Lawsuit** has already been dismissed.

B. If the claim was allowed, then amount is unliquidated and the State court should be allowed to liquidate.

Debtor prays that the claim be disallowed in its entirely or be set to $0.00 pending resolution in the State Lawsuit.

Dated: December 16, 2022  /s/ Eddy Hsu
Eddy Hsu, Esq,
Attorney for Debtor

OBJECTION TO CLAIM