```
EDDY HSU, ESQ. (BAR # 245390)
LAW OFFICE OF EDDY HSU
1900 S NORFOLK ST, SUITE 350
SAN MATEO, CA 94403
(650) 577-5950
Attorneys for Debtor(s)
```

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>**Thai Ming Chiu**,<br><br>Debtor(s). | Case No. 22-30405<br><br>Chapter 13<br><br>**OBJECTION TO CLAIM #1; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Claimant: Bryant Fu and Crystal Lei |

The Debtor(s) object(s) to the allowance of the claim described as:

<u>NAME & ADDRESS OF CLAIMANT</u> (as set forth on Proof of Claim) <u>DOLLAR AMT</u>  <u>DATE FILED</u>
\* Bryant Fu & Crystal Lei                                                       $1,513,501.79        9/19/2022
\* 337 28th Ave, San Francisco, CA 94121
\* San Francisco, CA 94121

The basis for the objection is that the claim:

_X_    Creditor's lawsuit in unliquidated and needs to be resolved in State court.  Please see Debtor's Declaration in Support

The Objecting Party will ask the Court to enter an Order providing that the claim is:

_X_    Creditor's claim #1 be set to $0.00 pending the outcome of lawsuit.


Dated: December 16, 2022              _____*/s/ Eddy Hsu*_____
                                      Eddy Hsu, Esq,
                                      Attorney for Debtor

OBJECTION TO CLAIM

# MEMORANDUM OF POINTS AND AUTHORITIES

**Relevant facts**

1. Debtor filed for bankruptcy on August 10, 2022.

2. Creditors Bryant Fu and Crystal Lei (herein "**Fu and Lei**") filed Proof Claim 1 for $1,513,501.79 on September 19, 2022. (**Exhibit A**). In the proof of claim, Fu and Lei lists lawsuit CGC-17-556769 as the basis for his claim against the Debtor. (Herein "**Lawsuit**" which is attached to Exhibit A)

3. Although the **Lawsuit** alleges fraudulent transfers committed by **Dennis Yan** and **547 23rd Ave, LLC** made in November 2013, neither is not named in the lawsuit.

4. Aside from this lawsuit, Debtor and Creditor Fu and Lei have no connections such as a contract, business relationship or personal relationship.

5. In September 26, 2014, **Fu and Lei** filed lawsuit CGC-14565831 which reached decision in December 1, 2021 (herein "**2021 Decision**" and attached as Exhibit B). In the decision, the State court voided any transfer of property to **523 23rd Avenue LLC** (*See 2021 Decision page 3, Point D*) and voided any transfer to **547 Investments LLC** (*2021 Decision page 4, Point F*).

**DEBTOR'S OBJECTION TO PROOF OF CLAIM SHOULD BE GRANTED BECAUSE ANY TRANSFER IN 2013 WAS VOID.**

6. In the **Lawsuit**, the **Fu and Lei** allege that the transfers made in November 15, 2013 by Dennis Yan were fraudulent. Specifically, Dennis Yan transferred real property interest into an entity named "**547 23rd Ave, LLC**" and that Dennis Yan transferred the interest in **547 23rd Ave, LLC** to the 4 named defendants. (Debtor is one of the four defendants) (*See the Exhibit A - **Lawsuit**, page 4, point 12*)

7. However, in the **2021 Decision,** the State Court already found that the alleged transfer as **void** and a void transfer is treated as if it had never happened.

8. Since Dennis Yan transferred nothing, the Plaintiffs could not have suffered any harm by the said transfer.

9. Without any a transfer or harm, Plaintiffs have nothing to recover and the objection to claim should be sustained.

**DEBTOR'S OBJECTION TO PROOF OF CLAIM SHOULD BE SUSTAINED BECAUSE FU AND LEI FAIL TO IDENTIFY THE ACTUAL HARM.**

10. A worthy note is that most, if not all, debts owed by Dennis Yan to **Fu and Lei** are largely based on sanctions and attorney fees NOT related to the **Lawsuit** against Debtor. The same sanctions and attorney fees were award AFTER **Fu and Lei's** lawsuit, thus **Fu and Lei** created a "running tab" of Dennis Yan's debt against Debtor.

11. For example, **Fu and Lei** cite a $2,500.00 sanction against Dennis Yan made in January 15, 2020. (*See AP, page 3, point 5(a)*). This award was made 7 years after the 2013 transfer.

12. In all practical sense, any statute of limitation for fraudulent transfer has well expired because it is unlikely that a court needed 7 years to find a $2,500.00 sanction award. In particular, the 2013 transfer did not harm **Fu and Lei** 7 years later.

13. As another example, all awards made in CGC-14-541875 made against Dennis Yan were made collectible against Tina Yan, the estate of Chuek Tin Yan, and 547 Investments LLC who were also defendants in the CGC-14-541875 lawsuit. (*See **2021 Decision**, page 4, point H*) Therefore, **Fu and Lei** could already collect or may have already collected against these defendants before going after Debtor. Without the showing of harm, the claim should be denied.

OBJECTION TO CLAIM

Case: 22-30405    Doc# 36    Filed: 12/19/22    Entered: 12/19/22 09:16:18    Page 3 of 5

**DEBTOR'S OBJECTION TO PROOF OF CLAIM SHOULD BE SUSTAINED BECAUSE THE STATE COURT HAS NOT LIQUIDATED THE CLAIM.**

14. If the Court were to assume that Dennis Yan somehow validly transferred assets to **547 Investments LLC** in November 2013 then the matter should properly be adjudicated in State court under the **Lawsuit** because the main remedies are return of the shares of the LLC or individual damages against each named defendant.

15. Specifically, there are 3 other named defendants who are integral to the **Lawsuit**. This bankruptcy court has no jurisdiction on those parties and any findings by this Court against those parties are not binding. Indeed, none of the other defendants have consented to bankruptcy jurisdiction nor are they named creditors.

16. However, the State court does have jurisdiction on the other (3) defendants including 5 years of filings including discovery and motions which the State court has ruled on many times. Judicial economy alone is enough to allow the State court to liquidate the lawsuit.

17. The State court holding jurisdiction over the Lawsuit is the best venue to adjudicate all claims in the **Lawsuit** and identity if Debtor owes any money.

In summary,

A. Plaintiff's own record contradict that a transfer was made as listed in the claim or that harm was incurred.

B. If there was a fraudulent transfer and harm, the amount is unliquidated and the State court should be allowed to liquidate.

Debtor prays that the claim be disallowed in its entirely or be set to $0.00 pending resolution in the State **Lawsuit**.

Dated: December 16, 2022         _____/s/ Eddy Hsu_____
                                 Eddy Hsu, Esq,

Attorney for Debtor