# EXHIBIT B

FILED
Superior Court of California
County of San Francisco

DEC - 2021

CLERK OF THE COURT
BY: _____ Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| CRYSTAL LEI AND BRYANT FU,<br><br>Plaintiffs,<br><br>vs.<br><br>DEMAS YAN AKA DENNIS YAN, et al.,<br><br>Defendants. | CASE NO. CGC-14-565831<br><br>**JUDGMENT FOR INJUNCTIVE AND MONETARY RELIEF** |

This matter came on for a court trial on July 1-3, 2019. Cheryl Rouse appeared as counsel on behalf of Plaintiffs Crystal Lei and Bryant Fu. Defendant Demas Yan appeared in pro per. Mark Lapham appeared as counsel on behalf of defendants Tina Yan, Cheuk Tin Yan, and 547 Investments LLC.

The Court heard testimony from Crystal Lei, Bryant Fu, and Demas Yan. The Court permitted Demas Yan to present additional written testimony (in lieu of direct examination) subject to cross-examination on July 3, 2019. The Court admitted into evidence Plaintiffs' Exhibits 1-52, 69-71, 73, and Defendants' Exhibits. A, B, and D. After giving the parties three weeks to submit proposed orders and having received both sides' proposed orders, the Court took the case under submission on July 26, 2019. After issuing its tentative statement of decision on July 31, 2019, the Court received and reviewed Plaintiffs' objection to the tentative statement on August 2, 2019. Defendants filed no objections.

On August 14, 2019 the Court issued its final Statement of Decision and Judgment, with

findings of fact and conclusions of law. The Court found in favor of Plaintiffs on their cause of action for malicious prosecution against Demas Yan and entered Judgment for Plaintiffs against Demas Yan in the total amount of $337,939.56 ($118,939.56 attorneys' fees, $119,000 emotional distress damages to Crystal Lei, and $100,000 emotional distress damages to Bryant Fu).

At that time, the Court declined to apply the doctrine of collateral estoppel, and the Court entered judgment in favor of Defendants Tina Yan, Cheuk Tin Yan, and 547 Investments LLC regarding Plaintiffs' UVTA cause of action. The August 14, 2019 Statement of Decision and Judgment is incorporated herein by reference.

Plaintiffs appealed the judgment in favor of Defendants Tina Yan, Cheuk Tin Yan, and 547 Investments LLC. (Appeal No. A158641). On March 29, 2021, the Court of Appeal reversed the judgment and found that Tina Yan, Cheuk Tin Yan, and 547 Investments LLC were collaterally estopped from contesting liability under the UVTA. It remanded the case for further consideration of Plaintiffs' remedies against Tina Yan, Cheuk Tin Yan, and 547 Investments LLC for their fraudulent transfer of the real property known as 547 23rd Avenue and situated in the State of California, City and County of San Francisco ("Subject Property").

A remedies-phase court trial was held on October 4, 2021 in Department 504 of this Court, the Honorable Garrett L Wong judge presiding. Plaintiffs Crystal Lei and Bryant Fu were represented by attorney Michael K. Johnson of Lewis Brisbois Bisgaard & Smith. Defendants (1) Tina Yan, individually and in her capacity as successor in interest to Cheuk Tin Yan, (2) Cheuk Tin Yan, and (3) 547 Investments LLC (collectively the "Transferee Defendants") did not appear.

The Court permitted Plaintiffs Crystal Lei and Bryant Fu to present written testimony by declaration, with exhibits. Plaintiffs submitted written closing arguments and a proposed Tentative Statement of Decision, which the Court received on October 18, 2021.

On October 20, 2021, the Court issued its Order Striking Defendant Tina Yan's Response and Opposition to Plaintiff's Trial Brief and Request for Remedy. This order included the following notation: "any objection, proposed modification or amendment [to Plaintiffs' Proposed Statement of Decision and Proposed Judgment] should include a discussion and analysis with a citation to the trial record in support thereof and filed on or before November 8, 2021."

Transferee Defendants filed no objections.

On November 15, 2021, the Court issued a Minute Order re: Trial Evidence. On November 24, 2021, the Court received Plaintiffs' Response to Minute Order re: Trial Evidence. The Court admitted into evidence Plaintiffs' Exhibits as set forth in the Court's exhibit log. This case was deemed under submission as of November 30, 2021.

Having heard and considered the evidence submitted by Plaintiffs and the arguments of counsel, the Court hereby ADJUDGES, ORDERS, and DECLARES as follows:

A. Default Judgment is hereby entered against 547 Investments LLC, a suspended California limited liability corporation. Default Judgment is also hereby entered against Anew Law Corporation, The Remodeling Company, and Epona Investment Group LLC, who are defaulted.

B. Judgment of $640,913.10 is hereby entered jointly and severally against (1) Tina Yan, individually and as successor in interest to Cheuk Tin Yan, (2) Cheuk Tin Yan, and (3) 547 Investments LLC.

C. The Subject Property is legally described as follows: "Commencing at a point on the Westerly line of 23rd Avenue, distant thereon 275 feet Southerly from the Southerly line of Anza Street; running thence Southerly along said Westerly line of 23rd Avenue 25 feet; thence at a right angle Westerly 120 feet; thence at a right angle Northerly 25 feet; and thence at a right angle Easterly 120 feet to the Westerly line of 23rd Avenue and the point of commencement. Being a portion of Outside Land Block No. 306. Assessor's Lot 12, Block 1566." It is referred to herein as the "Subject Property."

D. The transfer of the Subject Property from defendant Demas Yan to defendant 547 23rd Avenue LLC, recorded as Doc-2007-I503243-00 (Reel J538, Image 0442) in the records of the Office of the Assessor-Recorder, City and County of San Francisco, California, is fraudulent, void, and hereby set aside to the extent necessary to satisfy Plaintiffs' judgments and orders against defendant Demas Yan in the total amount of $640,913.10 ($518,399.64 principle and $122,513.46 interest to the trial date) as itemized in the Declaration of Bryant Fu. This total amount may be amended to include any additional attorney fees, costs, and

interest provided by law ("Underlying Judgment"), along with the costs and attorney fees allowed in this Judgment.

      E.     The transfer of Demas Yan's membership interests in 547 23rd Avenue LLC, from defendant Demas Yan to defendant Tina Yan was made with the intent to hinder, delay, or defraud Plaintiffs; was received without good faith and not in exchange for reasonably equivalent value; and is hereby set aside to the extent necessary to satisfy Plaintiffs' Underlying Judgment along with the costs and attorneys' fees specified in this Judgment.

      F.     The conveyance of the Subject Property from defendant 547 23rd Avenue LLC to defendant 547 Investments LLC, recorded as Doc-2013-J784407-00 (Reel L025, Image 0559) in the records of the Office of the Assessor-Recorder, City and County of San Francisco, California, is fraudulent, void, and hereby set aside to the extent necessary to satisfy Plaintiffs' Underlying Judgment along with the costs and attorneys' fees specified in this Judgment.

      G.     To satisfy Plaintiffs' Underlying Judgment, along with the costs and attorneys' fees specified in this Judgment, and for that purpose only, Demas Yan is DECLARED the sole owner of all legal and equitable title or interest in the Subject Property as of November 30, 2018. Plaintiffs may execute or foreclose on the Subject Property to satisfy Plaintiffs' Underlying Judgment along with the costs and attorneys' fees specified in this Judgment.

      H.     Plaintiffs may seize, execute on, or foreclose on any real or personal property of defendants (1) Tina Yan, individually and as successor in interest to Cheuk Tin Yan, (2) Cheuk Tin Yan, and (3) 547 Investments LLC, in order to satisfy the Underlying Judgment provided that recovery against any defendant shall not exceed the money judgment amount entered above against that specific defendant, and further provided that Plaintiffs' aggregate recovery shall not exceed Plaintiffs' Underlying Judgment and collections on this money judgment shall satisfy the Underlying Judgments.

      I.     The Court hereby ORDERS defendants Demas Yan, Tina Yan, individually and as successor in interest to Cheuk Tin Yan, Cheuk Tin Yan, and 547 Investments LLC to do the following with regard to the Subject Property: (1) maintain, receive, and collect all rents,

4

JUDGMENT FOR INJUNCTIVE AND MONETARY RELIEF
*Lei, et al. v. Yan, et al.*, San Francisco Superior Court Case No. CGC-14-565831

Case: 22-30405    Doc# 36-2    Filed: 12/19/22    Entered: 12/19/22 09:16:18    Page 5 of 8

security deposits, and other rental or lease payments in the ordinary course of business; (2) maintain and continue payment on all required taxes, fees, mortgages, reasonable insurance, and reasonable expenses in the ordinary course of business; (3) secure and maintain all books, documents, and records relating to the matters in (1) and (2) in this Section, and render an accounting of the same upon request by Plaintiffs.

J. The Court hereby ENJOINS defendants Demas Yan, Tina Yan, individually and as successor in interest to Cheuk Tin Yan, Cheuk Tin Yan, and 547 Investments LLC from doing the following in relation to the Subject Property: (1) committing or permitting any waste on the Subject Property; (2) committing or permitting any act in violation of law; (3) removing, encumbering, wasting, or otherwise disposing of any of the fixtures on the property; (4) selling, transferring, disposing, encumbering, concealing, or otherwise transferring the Subject Property without a prior court order; and (5) doing any act that will impair the preservation of the Subject Property or Plaintiffs' interest in the Subject Property.

K. Costs and attorneys' fees are awarded to Plaintiffs in an amount to be determined under Code of Civil Procedure section 1033.5 and Cal. Rules of Court rule 3.1700 *et seq*. Plaintiffs' recovery pursuant to Paragraph H above may be increased to include these amounts.

**IT IS SO ORDERED.**

Dated: December 1, 2021

_____
Hon. Garrett L. Wong
Judge of the Superior Court

5
JUDGMENT FOR INJUNCTIVE AND MONETARY RELIEF
*Lei, et al. v. Yan, et al.*, San Francisco Superior Court Case No. CGC-14-565831

Case: 22-30405    Doc# 36-2    Filed: 12/19/22    Entered: 12/19/22 09:16:18    Page 6 of 8

SUPERIOR COURT OF CALIFORNIA
County of San Francisco
Department 504

| | |
|---|---|
| Crystal Lei and Bryant Fu,<br><br>Plaintiffs,<br><br>vs.<br><br>Demas Yan aka Demas Yan, et al.,<br><br>Defendants. | Case Number: CGC-14-565831<br><br>**CERTIFICATE OF SERVICE BY MAIL AND BY EMAIL**<br>(CCP 1013a (4)) |

I, Kimberly M. Septien, a Deputy Clerk of the Superior Court of the County of San Francisco, certify that I am not a party to the within action.

On December 1, 2021, I served the attached **JUDGMENT FOR INJUNCTIVE AND MONETARY RELIEF,** filed on December 1, 2021, by placing a copy thereof in a sealed envelope, addressed as follows:

Michael Kenneth Johnson
Lewis, Brisbois, Bisgaard & Smith LLP
2185 N. California Blvd., Ste. 300
Walnut Creek, CA 94596

Crystal Lei
337 28th Avenue
San Francisco, CA 94121

Bryant Fu
337 28th Avenue
San Francisco, CA 94121

William Leeds Disston
409 13th Street, Fl. 9
Oakland, CA 94612

Tina Yan
1433 7th Avenue
San Francisco, CA 94122

Demas Yan
1433 7th Ave.
San Francisco, CA 94122

Demas Yan
100 Pine Street, #1250
San Francisco, CA 94111

and, I then placed the sealed envelopes in the outgoing mail at 400 McAllister Street, San Francisco, CA. 94102 on the date indicated above for collection, attachment of required prepaid postage, and mailing on that date following standard court practices. I also emailed the document to the following:

- Michael.Johnson@lewisbrisbois.com
- crystalleija@yahoo.com
- bfu@berkeley.edu
- cardiss@yahoo.com
- Tr772000-ty@yahoo.com
- anewlaw@gmail.com

Dated: December 1, 2021

T. MICHAEL YUEN, Clerk

By: _____
Kimberly M. Septien, Deputy Clerk