```
Duy Thai, SBN 157345
One Sansome Street, Suite 3500
San Francisco, California 94104
Tel.: 415 296-9927
Fax: 415 230-5779

Attorney for Creditor Charles Li
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re THAI MING CHIU,<br>    aka SIMON CHIU<br>    aka SIMON MING CHIU<br><br>                  Debtor | Bankruptcy Case No.: 22-30405-HLB<br><br>Chapter 13<br><br>CREDITOR CHARLES LI'S MOTION TO CONVERT DEBTOR THAI MING CHIU'S BANKRUPTCY TO CHAPTER 7 |
| | Date:    January 18, 2023<br>Time:   11:10 a.m.<br>Judge:  Hon. Hannah L. Blumenstiel<br>Place:  450 Golden Gate Avenue<br>           San Francisco, CA 94102<br>Courtroom: 19 |

      Creditor Charles Li respectfully submits his Motion for an Order converting the above-captioned Chapter 13 case of Thai Ming Chiu ("Debtor") to a case under Chapter 7 pursuant to 11 U.S.C. § 1307(c). Debtor's Chapter 13 bankruptcy must be converted to Chapter 7 for cause, as described below. He filed his petition in bad faith, misrepresented his assets and liabilities, and has been unable to amend his Chapter 13 plan for confirmation. In addition, he has a long history of bad faith filings in the United States Bankruptcy Courts.

The best interest of Debtor's creditors and the estate would be served by conversion to Chapter 7.

I. **Factual Background**

    A. **Movant's Underlying Litigation and Judgment Against Demas Yan**

Debtor Chiu is the brother-in-law of Demas Yan. Thai Decl., ¶ 2. In *Charles Li v. Demas Yan*, CGC-10-497990 (San Francisco Superior Court), Creditor Li obtained a judgment against Demas Yan for legal malpractice, unauthorized practice of law, and fraud, among other claims. Thai Decl., Exh. A, pp. 2-3. Yan, while in law school in the late-2000's, had given Creditor Li, a retired Chinese-American with limited knowledge of English and the legal system, legal advice on a contract as to which Yan himself had liability to Li. *Id.*, p. 2. Yan at the time was in his own epic personal bankruptcy case, *In re Yan*, 04-33526 TEC (Bkcy. N.D.Cal.), and he prevailed upon Creditor Li to withdraw a bankruptcy claim based on the contract[1]. *Id*. After he was admitted to the bar, Yan formally appeared as Creditor Li's attorney even though he had a pending lawsuit as a plaintiff against Li. *Li v. Yan*, 247 Cal. App. 4th 56, 61 (2016); *see also* Thai Decl., Exh. A, pp. 2-3.

When Creditor Li finally understood Yan's conflict of interest, he attempted to revive his bankruptcy claim. Thereupon, four of Yan's relatives, including Debtor, filed late competing claims against his estate, alleging spurious loans they had made to him. Thai Decl., ¶ 3. This Court disallowed their claims and the Bankruptcy Appellate Panel affirmed, remarking upon the highly suspicious timing and manner of their occurrence. *In re Yan*, No. NC-10-1476-JUHPA, 2011 WL 2923855, at *2 (B.A.P. 9th Cir. 2011) ("[T]he trustee was about to make a distribution to postpetition lien creditors and that Li came in with a claim and then 'all of a sudden relatives came out of the woodwork at the last minute'."). Yan, incredibly, represented Debtor Chiu in the appeal of the denial of his proof of claim against

---

[1] Debtor Yan filed an Objection to Mr. Li's claim in Yan's bankruptcy case and coerced Mr. Li to withdraw his claims.

2

CREDITOR CHARLES LI'S MOTION TO CONVERT DEBTOR THAI MING CHIU'S BANKRUPTCY TO CHAPTER 7

Yan himself, leading the B.A.P. to remark upon the stunning conflict of interest. *In re Yan*, *supra*, 2011 WL 2923855, at *7.

Creditor Li was ultimately unable to revive his creditor's claim in bankruptcy court for other reasons. Therefore, he filed the *Li v. Yan* malpractice action in 2010 and won at trial in 2012. The *Li v. Yan* judgment was affirmed in an unpublished opinion by the First District Court of Appeal. It has been modified several times to add attorneys' fees, and the Fifth Amended Judgment, entered on November 30, 2018, currently stands at $1,498,422.01. It remains unsatisfied. Thai Decl., ¶ 4. A separate appeal over post-judgment discovery resulted in a published opinion. *See Li v. Yan*, 247 Cal.App.4th 56. Noting Yan's "frankly, hard to believe" protestations of penury and the "claimed transfer(s) to members of his family, who may be complicit in Yan's machinations," the California court of appeal affirmed an order for him to produce his tax returns. *Li*, 247 Cal. App. 4th at 68, 69. He continues to refuse to do so. Thai Decl., ¶ 4.

    **B. Fraudulent Transfer Action Against Debtor Chiu, Demas Yan, and Other Relatives.**

During debtor's examinations to enforce the *Li v. Yan* judgment, Creditor Li learned that Demas Yan had transferred his sole substantial asset, a three-unit residential building at 547 23rd Avenue, San Francisco, California, to several relatives, including Debtor Chiu. Thus, in 2014 Creditor Li had to file a new action for fraudulent transfer. *Charles Li v. Thai Ming Chiu, et al.*, CGC-14-537574 (San Francisco Superior Court). Yan was also a defendant in *Li v. Chiu, et al.*, and he served as his relatives' attorney through trial and appeal. Thai Decl., ¶ 5. Debtor's abuse of the discovery process was so egregious that the trial judge initially entered terminating sanctions against him but later granted him a reprieve, giving him the benefit of the doubt that the misconduct was Yan's. Thai Decl., Exh. A, p. 5. As was factually found at trial, Demas Yan and his parents passed real property back and forth among themselves under various pretenses. Thai Decl., Exh. A, p. 7.

After winning once again at trial, Creditor Li obtained a judgment that set aside the challenged property transfer and entered separate monetary awards against the

transferee-relatives for the value of the property interest transferred to them. The judgment permitted Creditor Li to enforce against any or all of the defendants so long as each defendant pays no more than the specific monetary award amount against them, and so long as Creditor Li recovers no more than his total underlying judgment. The amount entered against Debtor Chiu is $324,167.58 and has not been satisfied, and post-judgment interest has been accruing. Thai Decl., ¶ 6; *see also id.*, Exh. A, p. 9.

### C. Enforcement of *Li v. Chiu, et al.*, Judgment and Debtor Chiu's Multiple Failed Appeals.

To collect on his judgment, Creditor Li acted first against the property clawed back from Demas Yan. However, in 2018, Yan effected yet another transfer of the building to his wife and an unknown third party. Creditor Li was forced to file *Charles Li v. Mei Ling Fang, et al.*, CGC-18-571386 (San Francisco Superior Court). Creditor Li then, in parallel, began activities to collect on the money judgment against Debtor Chiu. Thai Decl., ¶ 7.

Debtor Chiu filed *three* appeals challenging the substance of the money judgment (in addition to other collateral appeals). He lost them all. On May 31, 2018, the First District Court of Appeal affirmed the judgment in virtually all parts, reversing only as to the attorneys' fees that had been awarded against Chiu (Appeal No. A149849). Thai Decl., Exh. A, pp. 19-21. Chiu argued that the property interest was transferred to him to repay the debt from Demas Yan that was the subject of Chiu's disallowed creditor's claim. The California court of appeal, however, recognized and respected the res judicata effect of this Bankruptcy Court's disallowance of that claim, which substantively adjudicated that the alleged debt did not exist. Thai Decl., Exh. A, pp. 15-18. The superior court then entered a Second Amended Judgment ("SAJ") on November 16, 2018 to conform with the court of appeal's remittitur. Thai Decl., Exh. B. The SAJ is secured by an abstract of judgment recorded against Debtor Chiu's real property on November 26, 2018. Thai Decl., Exh. C; *id.*, ¶ 8.

Debtor then filed a motion to set aside the SAJ, and, when that was denied, filed a second notice of appeal of *Li v. Chiu, et al.* (Appeal No. A156760), now arguing that

the court exceeded its jurisdiction in awarding a monetary judgment against Debtor as an alternative remedy to setting aside the challenged transfer. Thai Decl., Exh. D; *id.*, ¶ 9. On December 22, 2020, the court of appeal again affirmed, holding that "defendants forfeited their 'dual remedies' argument by failing to raise it in their prior appeal, the judgment is not void, and the transferee defendants have failed to provide an adequate record for review." Thai Decl., Exh. D, p. 8. The California court of appeal noted that this was not Debtor's first appeal of the judgment and made clear that Debtor may not invoke Cal. Code Civ. Pro. § 473(d) to set aside the judgment at any time. Thai Decl., Exh. D, pp. 9-12.[2]

When the disruptions due to the coronavirus pandemic had abated, and Creditor Li resumed judgment enforcement activity, Debtor Chiu filed another appeal, attacking the superior court's second order for sale of Debtor's dwelling, making the same excess of jurisdiction argument. (Appeal No. A163866.) On August 1, 2022, the California court of appeal again affirmed the *Li v. Chiu, et al.*, judgment. Thai Decl., ¶ 10; *id.*, Exh. E. As the court noted, "[t]his is defendants' fifth appeal in this case." Thai Decl., Exh. E, p.1 n.1. After disposing of Debtor's procedural arguments, the court held: "Defendants' additional contention – that the underlying judgment is void for granting relief unauthorized by the UVTA – is a rehash of an argument we have twice rejected." Thai Decl., Exh. E, p. 5. Although Li's request for appellate sanctions was denied for procedural reasons, the court of appeal sternly "warn[ed] defendants that relitigating issues previously decided against them in subsequent appeals may subject defendants to sanctions." Thai Decl., Exh. E, p. 5.

**D. Debtor Chiu's Machinations in the Bankruptcy Court.**

Because the *Li v. Chiu, et al.*, defendants were unable to stay execution pending their appeals, Creditor Li kept moving on multiple avenues of enforcement. He obtained an order for sale of Chiu's dwelling, and the sheriff scheduled the sales for July 23, 2019. Thai Decl., Exhs. F and G . On July 16, a grant deed was recorded conveying 1% of Debtor's home to an entity called 818 Green Street LLC ("818 LLC"), which then filed for

---

[2] The court of appeal concurrently rejected Debtor's parallel appeal (California Court of Appeal, First District, Appeal No. A158050) of the order for sale of his dwelling.

5
CREDITOR CHARLES LI'S MOTION TO CONVERT DEBTOR THAI MING CHIU'S BANKRUPTCY TO CHAPTER 7

bankruptcy in this Court on July 18, 2019. *In re 818 Green Street LLC*, No. 19-41624-CN (N.D.Cal. Bkcy); *see also* Thai Decl., Exhs. H and I. 818 LLC had filed a previous bankruptcy, No. 14-42286 WJL, (N.D.Cal. Bkcy), after purportedly receiving real estate transferred through an unrecorded deed. Debtor 818 LLC's owner, Harry Nguyen, informed the trustee's counsel that he purchased the property from "Demis Yan" with a $50,000.00 promissory note, with no cash changing hands. Thai Decl., Exh. J, p. 2. The Honorable Charles Novack granted Creditor Li in rem relief from stay pursuant to 11 U.S.C. § 362(d)(4) but later withdrew it because 818 LLC's woefully deficient petition had already been summarily dismissed. Thai Decl., ¶ 11, *see id.*, Exh. I, ECF Nos. 23 and 37 .

The next sheriff's sale was scheduled for November 19, 2019. Having dodged in rem relief from automatic stay, 818 LLC filed for bankruptcy again on November 14, 2019, in the Central District of California, to which it had no known connection (No. 8:19-bk-14452-MW). Thai Decl., Exh. K. Creditor Li had to retain bankruptcy counsel in the distant forum and obtained an order for 11 U.S.C. § 362(d)(4) in rem relief from the Central District on June 11, 2020. Thai Decl., Exh. L. By that time, however, Debtor was enjoying the de facto stay of execution provided by the coronavirus its shelter-in-place orders. As the courts slowly reopened for civil matters in 2021, Creditor Li filed renewed applications for an order for sale of Debtor Chiu's dwelling, which the San Francisco Superior Court issued on November 2, 2021, finding that "there was a willful, deliberate and intentional failure to cooperate with the appraisal of the property." Thai Decl., Exh. M. Debtor Chiu then filed Appeal No. A158050, discussed above. By the time the San Francisco Sheriff's Department could schedule another sale, for August 16, 2022, the in rem relief from the Central District had expired. Thai Decl., Exh. N. Debtor filed the present petition on August 5, 2022.

## II. ARGUMENT

### A. Conversion to Chapter 7 Is Appropriate When in the Best Interest of Creditors and the Estate.

Pursuant to 11 U.S.C. § 1307(c), on request by a party in interest and after notice and a hearing, the Court may dismiss a Chapter 13 case or convert it to a Chapter 7

case, *whichever is in the best interest of creditors and the estate*, for cause. Additionally, pursuant to 11 U.S.C. § 105, the bankruptcy court has the equitable power to issue any order necessary or appropriate to carry out the provisions of the bankruptcy code.

11 U.S.C. § 1307(c) enumerates eleven factors that provide cause for conversion, "including," for example, unreasonable delay by the debtor that is prejudicial to creditors, failure to commence making timely payments under 11 U.S.C. § 1326, or denial of confirmation of the Chapter 13 Plan. These factors are not exclusive. 11 U.S.C. § 102(3) ("'includes' and 'including' are not limiting"). Thus, in *In re Leavitt*, 171 F.3d 1219, 1224 (9th Cir. 1999), the Ninth Circuit held that the debtor's bad faith is an unenumerated ground for cause.

In analyzing whether bad faith is present, the court should consider the totality of circumstances and the following factors:

(1) whether the debtor misrepresented facts in the petition, unfairly manipulated the bankruptcy code, or otherwise filed in an inequitable manner;

(2) the debtor's filing history;

(3) whether the debtor only intended to defeat state court litigation; and

(4) whether egregious behavior is present. *Id*. Neither malice nor fraudulent intent by the debtor is required for a finding of bad faith. *Id.*

**B. Debtor Filed His Petition in Bad Faith.**

The first factor listed by the *Leavitt* court's test for bad faith is a debtor's misrepresentation of facts. *Id*. In this case, the Debtor's Chapter 13 Plan was not filed in good faith, as required by 11 U.S.C. § 1325(a)(3). Debtor did not disclose all of his liabilities and egregiously misrepresented the absolute finality of the judgment against him in *Li v. Chiu, et al.*, CGC-14-571386 (San Francisco Superior Court). Debtor had filed five appeals of this judgment – and lost them all. The continued pursuit of resolved litigations is an egregious conduct that warrants conversion. *In re Armstrong*, 303 B.R. 213, 222 (B.A.P. 10th Cir. 2004).

Debtor also misrepresented his homestead exemption to be $626,400.00. Although the homestead exemption in California was raised effective January 1, 2021, Code Civ. Pro. § 704.730, the "determination whether property is exempt or the amount of an exemption shall be made by application of the exemption statutes in effect (1) at the time the judgment creditor's lien on the property was created […]." Code Civ. Pro. § 703.050. The lien here was created on November 26, 2018 when Creditor Li recorded the abstract of judgment. At that time, the homestead exemption was $175,000.00. 2012 Cal. Legis. Serv. Ch. 678 (A.B. 929) (WEST). Debtor's false homestead exemption claim is another egregious act that justifies conversion. *See In re Lehr*, 479 B.R. 90, 99 (Bkcy. N.D. Cal. 2012) (false homestead claim is factor justifying dismissal of Chapter 13 plan with prejudice).

Delay in moving a plan toward confirmation is another sign of bad faith and ground for conversion to Chapter 7. 11 U.S.C. § 1307(c)(1). A debtor's failure to properly prosecute its bankruptcy case indicates participation in a fraudulent scheme. *In re Richmond*, 513 B.R. 34, 38 (Bankr. E.D.N.Y. 2014); *In re Blair*, No. 09–76150, 2009 WL 5203738, at *4–5 (Bankr. E.D.N.Y. Dec. 21, 2009). Here, although the defects in his Chapter 13 plan were pointed out months ago by objecting creditors, Debtor has made no effort to amend it. Indeed, he never intended to submit a confirmable Chapter 13 Plan. Just to accommodate Creditor Li's *secured* claim on the *Li v. Chiu, et al*. judgment would require payments of over $8,000.00 a month. Debtor's own schedules show that such payments would not be feasible for him and his wife. *Compare In re River*a, No. 5:15-CV-04402-EJD, 2015 WL 6847973, at *4 (N.D. Cal. Nov. 9, 2015) (dismissal under 11 U.S.C. § 1307 affirmed where "Appellants were unable to propose a viable plan") *with In re Merhi*, 518 B.R. 705, 711 (Bankr. E.D.N.Y. 2014) (where debtor has $9,098.33 in net monthly income available to pay plan that would require $18,860.98 monthly payments, petition dismissed as unfeasible).

### C. Debtor's Filing History Is a Decade-Long Record of Bankruptcy Abuse.

The present situation fits the classic model of egregious bankruptcy abuse: Debtor Chiu, on the verge of an execution sale, files for bankruptcy. Moreover, it is the third

time in three years that he has been involved in a bad faith bankruptcy to shelter his real property from judgment enforcement. The two filings in 2019 were made by 818 LLC, but the entity was clearly in conspiracy with Debtor, because the bankruptcies were clearly for his benefit, not the entity's. Debtor's 1% transfer of interest to 818 LLC was virtually a confession of fraud and egregious conduct. He has never been able to explain away his participation in this well-known debt avoidance scheme and falsely claimed at his 341 meeting of creditors that the transfer was not recorded, contrary to public records. Thai Decl., Exh. H. The refusal to participate in good faith at a 341 meeting of creditors is a factor in ruling on an involuntary conversion. *In re Khan*, 846 F.3d 1058, 1062 (9th Cir. 2017) ("At the § 341 (creditors meeting) hearing, the Debtors did not give meaningful information regarding their companies' business transactions, stock valuation, and settlements."). Moreover, as discussed above, Debtor's abuse of the bankruptcy process – and specifically to harm creditor Li – reaches back more than a decade, with his "relatives came out of the woodwork" proof of claim in 2009-2010.

        The dots all connect. Debtor Chiu filed his proof of claim in his brother-in-law Demas Yan's bankruptcy for the transparent purpose of blocking Li's attempt to revive his claim. Yan is not only Debtor's relative but also his attorney – perhaps even after his disbarment. Yan represented Debtor in the 2010 B.A.P. appeal, effectively against Yan himself. He then represented Debtor in *Li v. Chiu, et al.*, where party and counsel's conduct was so egregious that the trial judge initially entered terminating sanctions against Debtor. Thai Decl., Exh. A, p. 5. Despite gaining a reprieve by arguing that the egregious conduct was Yan's, not his clients', Debtor obviously and remarkably continues to take directions from his brother-in-law. Debtor's phoney bankruptcy filings have Yan's fingerprints all over them. As discussed above, Yan created 818 LLC, the entity to which Debtor granted a 1% interest in his property for no discernible non-fraudulent reason. One of the counts upon which Yan was disbarred was for filing a bankruptcy petition on behalf of a client "for the purpose of delaying a foreclosure" and acting "in bad faith and for an improper purpose of

frustrating a creditor's efforts to foreclose on a property that was not owned by the debtor." Thai Decl., Exh. O.

The scheme and pattern of fraud are clear to see, as is Debtor's decade-plus involvement in it. He colluded with his disgraced brother-in-law in the 2010 proof of claim and its appeal, the fraudulent transfer of Yan's property, the trial and appeals of *Li v. Chiu, et al.*, 818 LLC's bankruptcies, and, most likely, the present bankruptcy. Debtor will obviously continue the conspiracy unless this Court puts an end to his egregious conduct.

### D. Debtor Chiu Is Trying to Re-Litigate State Court Litigation He Has Repeatedly and Conclusively Lost.

Debtor's petition and plan show that he is only shopping for a federal forum to relitigate a claim he has already lost in state court. "Bad faith exists where the debtor only intended to defeat state court litigation." *In re Henson*, 289 B.R. 741, 751 (Bankr. N.D. Cal. 2003) (quoting *In re Chinichian*, 784 F.2d 1440, 1445 (9th Cir. 1986)). As shown above, Debtor Chiu has repeatedly appealed the judgment against him in *Li v. Chiu, et al.* and lost. The California appellate court noted his penchant for re-litigating the same arguments and threatened him with sanctions. With his state court prospects at a dead end, Debtor Chiu is obviously trying to move his vexatious litigation to the United States Bankruptcy Court. Debtor's transparent attempt to defeat state court litigation is another factor that calls for conversion to Chapter 7.

### E. Egregious Conduct Is Present.

The facts above that bear on other *Leavitt* factors can also show egregious behavior. *See In re Luxford*, 368 B.R. 63, 74 (D. Mont. 2007) (finding egregious conduct based in part on multiple filings, uncompleted chapter 13 plans, and false statements in debtor's schedules). Courts consider both pre-petition and post-petition conduct in determining whether egregious behavior is present. *Id*. Debtor Chiu's decade-plus campaign of disallowed creditor's claims, sham property transfers, bankruptcy abuse, and vexatious appeals are a panoply of egregious behavior.

### F. Conversion is in the Best Interest of Creditors.

Conversion to Chapter 7 is appropriate because it is in the best interest of creditors and the estate. Debtor's bankruptcy clearly cannot continue under Chapter 13, but nor should it be dismissed from this Court. The potential preference actions under 11 U.S.C. § 547 is a bankruptcy-specific cause of action that will be lost upon dismissal. Similarly, any post-petition transfers of estate property might be recovered under 11 U.S.C. § 549, but those causes of action would be lost upon dismissal of the case. Conversion is appropriate if the Bankruptcy Court would have more tools and powers to satisfy creditors.

Based on what the Debtor disclosed in his schedules, he owns assets worth over $1 million. He has only one secured liability, Creditor Li's claim, and it is fully secured by Debtor's real property. Based on Debtor Chiu's schedules and the claims register, there also appear to be several unsecured creditors. Given Debtor's history of egregious conduct in state courts and federal bankruptcy courts, liquidation by a Chapter 7 Trustee is the appropriate way to satisfy Creditor Li's secured claim and, at least partially, the unsecured claims by Li and other creditors. Otherwise, it can be almost guaranteed that Debtor Chiu will file another fraudulent bankruptcy petition, sabotage yet another sheriff's sale, and perpetuate his and Demas Yan's history of abusing the bankruptcy process.

### III. Conclusion

For over twelve years, Debtor Chiu has used the United States Bankruptcy Court as an instrument for harming Creditor Li. It is time for him to understand the legitimate purpose the bankruptcy laws, which is to settle his financial affairs in the best interest of long-suffering creditors like Charles Li. An Order converting his bankruptcy petition to Chapter 7, and the orderly disposition of his assets by the Chapter 7 trustee, would finally achieve this.

DATED: December 20, 2022

                                                /s/ Duy Thai
                                                Duy Thai, SBN 157345
                                                Attorney for Creditor Charles Li

# PROOF OF SERVICE

I declare that I am employed in the San Francisco County, California. My address is 1 Sansome Street, Suite 3500, San Francisco, CA 94104. I am over the age of eighteen years and am not a party to the within-entitled cause of action or proceeding.

Today, I served the attached document:

CREDITOR CHARLES LI'S MOTION TO CONVERT DEBTOR THAI MING CHIU'S BANKRUPTCY TO CHAPTER 7

By electronic means to persons confirmed to be registered participants in the Electronic Case Filing System and that such persons are, in fact, receiving the Court's Notice of Electronic Filing in this subject case. I caused an electronic copy of the above to be electronically filed and serve to:

| David Burchard<br>P.O. Box 8059<br>Foster City, CA 94404<br>(650) 345-7801<br>TESTECF@burchardtrustee.com<br>(Trustee) | **Eddy Hsu**<br>Law Office of Eddy Hsu<br>1900 S Norfolk St. #350<br>San Mateo, CA 94403<br>(650) 577-5950<br>eddyhsu@ehlawgroup.com |
|---|---|

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed in San Diego, California, on December 20, 2022.

/s/ Duy Thai
Duy Thai