**Entered on Docket**
**December 23, 2022**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: December 23, 2022



_____
**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:  ) Case No. 22-30405 HLB
)
THAI MING CHIU,  ) Chapter 13
)
　　　　Debtor.  )
_____)

## ORDER OVERRULING DEBTOR'S RESPONSE TO CREDITOR TONY FU'S OBJECTION TO CHAPTER 13 PLAN AND VACATING HEARING

On September 28, 2022, creditor Tony Fu filed an Objection to Chapter 13 Plan.[1]  Mr. Fu contends that this case, as well as the plan proposed by Debtor Thai Ming Chiu, were filed in bad faith[2] and that Mr. Chiu's plan fails to satisfy the "best interest of creditors" test.[3]

On December 19, 2022, Debtor filed a response[4] to the Objection, as well as a notice[5] purporting to set the Objection for hearing on January 18, 2023.  The Notice improperly states that an opposition to the Response may be filed, citing to

---

[1] Dkt. 18 (the "Objection").

[2] 11 U.S.C. §§ 1325(a)(3) and (7).

[3] 11 U.S.C. § 1325(a)(4).

[4] Dkt. 30 (the "Response").

[5] Dkt. 31 (the "Notice").

"Local Rule 9014-1 and 3007(a)(2)."[6]  Given that Mr. Fu objected to confirmation and given Debtor's response, briefing is closed and no further pleadings can be filed absent leave of court. The Notice also inexplicably refers to a Motion and states that a failure to appear at the hearing might result in the court granting this non-existent motion.  There is no motion relevant to this contested matter in the court's record.

    But more important, Mr. Chiu's Response is legally baseless.  The Response argues that the court should overrule Mr. Fu's Objection because, given Mr. Chiu's objection[7] to Mr. Fu's proof of claim,[8] Mr. Fu does not hold an allowed claim. According to Mr. Chiu, pursuant to 11 U.S.C. § 1325(b)(1), only the holders of allowed claims can object to confirmation.  This argument is baseless.  While only a creditor holding an allowed unsecured claim can raise an objection based on § 1325(b)(1), that section of the Bankruptcy Code in no way states that only the holders of allowed claims can object to confirmation. Given that the only argument that Mr. Chiu raises in response to Mr. Fu's Objection is baseless, and given the defects in the Notice, the court will exercise its discretion under B.L.R. 9013-2(a) and will adjudicate Mr. Chiu's Response without oral argument.

---

[6] There is no "Local Rule 3007(a)(2)".  B.L.R. 3007-1 pertains to objections to claims and is therefore irrelevant to this contested matter.

[7] Dkt. 28.

[8] Proof of Claim 2-1 filed September 26, 2022.

Accordingly, the court **ORDERS** as follows:

**1.** The Notice is hereby **ORDERED STRICKEN**;

**2.** The January 18, 2023 hearing is hereby **VACATED; and**

**3.** Debtor Thai Ming Chiu's Response is overruled in its entirety. Mr. Fu's Objection remains pending.

**\*\*END OF ORDER\*\***

<u>**Court Service List**</u>

```
Tony Fu
5813 Geary Blvd. PMB 188
San Francisco, CA 94121
```