**Entered on Docket**
**December 23, 2022**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA




**Signed and Filed: December 23, 2022**

**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: | ) Case No. 22-30405 HLB |
| THAI MING CHIU, | ) Chapter 13 |
| Debtor. | ) |

**ORDER STRIKING DEBTOR'S RESPONSE TO CREDITORS BRYANT FU AND CRYSTAL LEI'S LIMITED OBJECTION TO CONFIRMATION, STRIKING DEBTOR'S NOTICE OF HEARING, AND VACATING HEARING**

On September 28, 2022, creditors Bryant Fu and Crystal Lei filed a Limited Objection to Confirmation of Chapter 13 Plan.[1] Mr. Fu and Ms. Lei contend that Debtor Thai Ming Chiu undervalued his real property located at 768 38th Avenue, San Francisco, CA (the "Real Property") and that therefore, Mr. Chiu's plan[2] fails to satisfy the "best interest of creditors" test.[3] The Objection also argues that the Plan is not feasible[4] because the payments it proposes are not sufficient to satisfy

[1] Dkt. 19 (the "Objection").

[2] Dkt. 13 (the "Plan").

[3] 11 U.S.C. § 1325(a)(4).

[4] 11 U.S.C. § 1325(a)(6).

the claim filed by Mr. Fu and Ms. Lei in the amount of $1,513,501.79.[5]

On December 19, 2022, Debtor filed a response[6] to the Objection, as well as a notice[7] purporting to set the Objection for hearing on January 18, 2023. The Notice improperly states that an opposition to the Response may be filed, citing to "Local Rule 9014-1 and 3007(a)(2)."[8] Given that Mr. Fu and Ms. Lei objected to confirmation and given Debtor's response, briefing is closed and no further pleadings can be filed absent leave of court. The Notice also inexplicably refers to a Motion and states that a failure to appear at the hearing might result in the court granting this non-existent motion. There is no motion relevant to this contested matter in the court's record.

But more important, Mr. Chiu's Response is legally baseless. The Response urges the court to overrule or continue the Objection pending resolution of Mr. Chiu's objection to Mr. Fu and Ms. Lei's claim. This argument offers no legal basis for overruling Mr. Fu and Ms. Lei's Objection. And if what Mr. Chiu wants is for the court to rule on his objection to Mr. Fu and Ms. Lei's claim before ruling on their Objection, then the

---

[5] Proof of Claim 1-1 filed September 19, 2022.

[6] Dkt. 38 (the "Response").

[7] Dkt. 39 (the "Notice").

[8] There is no "Local Rule 3007(a)(2)". B.L.R. 3007-1 pertains to objections to claims and is therefore irrelevant to this contested matter.



Case: 22-30405 Doc# 50 Filed: 12/23/22 Entered: 12/23/22 14:57:07 Page 2 of 4

court questions why Mr. Chiu noticed the Objection for hearing in the first place.

Accordingly, the court **ORDERS** as follows:

**1.** The Notice is hereby **ORDERED STRICKEN;**

**2.** The January 18, 2023 hearing is hereby **VACATED; and**

**3.** Debtor Thai Ming Chiu's Response is overruled in its entirety. Mr. Fu and Ms. Lei's Objection shall remain pending.

****END OF ORDER****



Case: 22-30405 Doc# 50 Filed: 12/23/22 Entered: 12/23/22 14:57:07 Page 3 of 4

**Court Service List**

Bryant Fu & Crystal Lei
337 28th Avenue
San Francisco, CA 94121