Duy Thai, SBN 157345
One Sansome Street, Suite 3500
San Francisco, California 94104
Tel.: 415 296-9927
Fax: 415 230-5779

Attorney for Creditor Charles Li

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re THAI MING CHIU,<br><br>                    Debtor | Bankruptcy Case No.: 22-30405-HLB<br><br>Chapter 13<br><br>CREDITOR CHARLES LI'S OBJECTION TO DEBTOR THAI MING CHIU'S SECOND AMENDED CHAPTER 13 PLAN |

      Creditor Charles Li hereby objects to Debtor Thai Ming Chiu's ("Debtor") Second Amended Chapter 13 Plan (the "Plan"), filed on January 6, 2023 as Docket No. 72, as the Plan fails to provide for full payment of Creditor Li's claim and the Debtor's petition was not filed in good faith.

      The Debtor's Schedules, filed on August 22, 2022 as Docket no. 10, list Creditor Li's claim in Sections 2.1 and 2.2 of Schedule D in the amounts of $324,167.58 and $4,250.00. It is unclear why the Debtor listed the claim as two separate claims when the claim arises out of the same Judgment, as discussed below.

The Plan is defective because it only proposes to pay a small portion of Creditor Li's claim. Based on the Plan, it appears that the Debtor acknowledges a $4,250.00 claim by Charles Li, secured by Debtor's residence at 768 38th Avenue, San Francisco, California. First, Creditor opposes Debtor's characterization of the interest rate on this debt as zero. The $4,250.00 is an award of court sanctions against Debtor. "Sanctions orders have the force and effect of a money judgment." *Constellation-F, LLC v. World Trading 23, Inc.*, 45 Cal.App.5th 22, 31 (2020). Therefore, 10% post-judgment interest must be added.

Debtor also discloses, in Sec. 7.01, a supposedly disputed $324,167.58 claim by Creditor Li and states that it shall not be paid until the claim is adjudicated in Adversary Proceeding No. 22-03114. Creditor Charles Li filed a motion to dismiss the adversary proceeding on January 18, 2023. As explained therein, the *Li v. Chiu, et al.*, judgment, which includes substantial accrued interest that is not reflected in the Plan, has been finally and definitively adjudicated in California state courts and res judicata as against Debtor's adversary proceeding. It is bad faith for Debtor to imply otherwise.

The Plan proposes to pay $200 per month to the Chapter 13 Trustee for the first four months, followed by $3,000 per month for the remainder of the plan. Second Amended Plan, Sec. 2.01. However, should Adversary Proceeding No. 22-03114 be dismissed, Debtor would have to pay over $10,000 per month for the remainder of the plan period to accommodate Creditor Li's claim. That is not feasible, despite Debtor's pledge to use his retirement funds for it.

In order to confirm the Debtor's Plan under 11 U.S.C. § 1325(a)(7), the Court must find that the Debtor's Chapter 13 Petition was filed in good faith. Examples of good faith are where the Debtor acted equitably in proposing the Plan or the Debtor's intentions and legal effect of plan confirmation in light of the spirit and purposes of a Chapter 13. *See In re Goeb*, 675, F.2dd 1386, 1390 (9th Cir. 1982); *see also In re Chinichian*, 784 F.2d 1440, 1444 (9th Cir. 1986). In this case, the Debtor's Plan is proposed in an inequitable manner because it only acknowledges a small portion of Creditor Li's claim. Clearly, the Debtor is forum shopping and trying to challenge Creditor Li's claim in bankruptcy court, after losing

Case: 22-30405    Doc# 77    Filed: 01/20/23    Entered: 01/20/23 12:30:30    Page 2 of 4

five appeals in state court. The Plan makes no realistic provision should Li's claim and lien not be voided by the Adversary Proceeding. Any payment schedule incorporating this claim would be unfeasible for Debtor. In addition, Debtor, himself or through his agents and co-conspirators, have also abused the bankruptcy process with their history of filing and dismissals.

For the reasons set forth above, the Court should deny confirmation of the Debtor's Plan, or, alternatively, require the Debtor amend his Plan to provide for full payment of Creditor Li's claim.

DATED: January 20, 2023

/duy thai/
Duy Thai, SBN 157345
Attorney for Creditor Charles Li

3
CREDITOR CHARLES LI'S OBJECTION TO DEBTOR THAI MING CHIU'S SECOND AMENDED CHAPTER 13 PLAN – *In re Thai Ming Chiu*, Case No. 22-30405-HLB

Case: 22-30405    Doc# 77    Filed: 01/20/23    Entered: 01/20/23 12:30:30    Page 3 of 4

# PROOF OF SERVICE

I declare that I am employed in the San Francisco, California. My address is One Sansome Street, Suite 3500, San Francisco, California. I am over the age of eighteen years and am not a party to the within-entitled cause of action or proceeding.

Today, I served the attached document:

CREDITOR CHARLES LI'S OBJECTION TO DEBTOR THAI MING CHIU'S SECOND AMENDED CHAPTER 13 PLAN

By electronic means to persons confirmed to be registered participants in the Electronic Case Filing System and that such persons are, in fact, receiving the Court's Notice of Electronic Filing in this subject case. I caused an electronic copy of the above to be electronically filed and serve to:

| David Burchard<br>P.O. Box 8059<br>Foster City, CA 94404<br>(650) 345-7801<br>TESTECF@burchardtrustee.com<br>(Trustee) | **Eddy Hsu**<br>Law Office of Eddy Hsu<br>1900 S Norfolk St. #350<br>San Mateo, CA 94403<br>(650) 577-5950<br>eddyhsu@ehlawgroup.com |
|---|---|

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed in San Francisco, California, on January 20, 2023

                                                                      /duy thai/<br>
                                                                         Duy Thai