1  **LEWIS BRISBOIS BISGAARD & SMITH** LLP
   AMY L. GOLDMAN, SB# 134088
2    E-Mail: Amy.Goldman@lewisbrisbois.com
   MARIA L. GARCIA, SB# 276135
3    E-Mail: Maria.L.Garcia@lewisbrisbois.com
   633 West 5th Street, Suite 4000
4  Los Angeles, California 90071
   Telephone: 213.250.1800
5  Facsimile: 213.250.7900

6  Attorneys for BRYANT FU and CRYSTAL LEI

7

8              UNITED STATES BANKRUPTCY COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10             SAN FRANCISCO DIVISION

11 In re                          CASE NO.: 22-30405

12 Thai Ming Chiu                 Chapter 13

13 *aka* Simon Chiu               **AMENDED OBJECTION TO**
   *aka* Simon Thai Ming Chiu     **CONFIRMATION OF CHAPTER 13**
14                                **PLAN**

15         Debtor.               **Meeting of Creditors § 341(a):**
                                 Date:    September 29, 2020
16                               Time:    10:00 a.m.
                                 Place:   Via Tele/Videoconference
17
                                 **Confirmation Hearing:**
18                               Date:    [To Be Determined]
                                 Time:    [To Be Determined]
19                               Ctrm.:   [To Be Determined]

20 **TO THE HONORABLE HANNAH L. BLUMENSTIEL, UNITED STATES**
   **BANKRUPTCY JUDGE, THE DEBTOR, THE CHAPTER 13 TRUSTEE, AND OTHER**
21 **PARTIES IN INTEREST:**

22         Bryant Fu ("Fu") and Crystal Lei ("Lei", and Lei together with Fu are collectively referred

23 to as the "Creditors" or "Plaintiffs") are unsecured creditors of the debtor Thai Ming Chiu *aka*

24 Simon Chiu *aka* Simon Thai Ming Chiu (the "Debtor" or "Defendant") of the above-captioned

25 bankruptcy case (the "Bankruptcy Case") and hereby bring this amended objection (the "Amended

26 Objection") to the confirmation of the Debtor's proposed chapter 13 plan as amended (the "Plan")

27 filed on January 6, 2023 [Docket No. 72] on the following grounds and reserve the right to further

28 supplement this objection.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## I. BRIEF FACTUAL BACKGROUND

On or about January 31, 2017, Plaintiffs commenced a state court action against Debtor, among others, for fraudulent transfers and conspiracy to defraud in the San Francisco County Superior Court, bearing case number CGC-17-556769 (the "State Court Action"). *See* ¶4 of the Declaration of Bryant Fu filed in support hereof (the "Fu Declaration"). Debtor is also pursuing a cross-complaint against Plaintiffs, among others, in that action for declaratory relief and conspiracy on fraudulent conveyance. *See* **Exhibit "B"** to the Fu Declaration.

On August 10, 2022 (the "Petition Date"), Debtor filed his voluntary chapter 13 petition [*see* Docket No. 1], thereby commencing the Bankruptcy Case. The State Court Action is currently stayed as to Plaintiffs' claims against Debtor because of the pending Bankruptcy Case.

On September 19, 2022, Creditors filed a proof of claim, Claim No. 1-1 on the Claims Register ("Claim No. 1-1"), which, among other things, is the subject of the State Court Action. *See* **Exhibit "A"** to the Fu Declaration.

On or about August 22, 2022 [Docket No. 13], Debtor filed his initial chapter 13 plan, and Creditors filed their limited objection to confirmation of the chapter 13 plan on September 28, 2022 [Docket No. 19]. The current version of the Plan is Debtor's second amended plan, which still presents issues that must be addressed before a plan is confirmed.

Further, the Court should note that on November 28, 2022, Plaintiffs commenced an adversary proceeding (Adv. Proc. Case No. 22-03110) against Debtor by filing their *Complaint To Determine Dischargeability Of Debt [11 U.S.C. § 523(a)(2)(A); 11 U.S.C. § 523(a)(6); And 11 U.S.C. § 1328(a)(2)]* against Debtor (the "Adversary Proceeding"). The debt that Plaintiffs seek to have rendered non-dischargeable in the Adversary Proceeding is the subject of the State Court Action by Plaintiffs against Debtor. [*See* Adv. Docket No. 1.] Debtor filed an answer to that complaint. [*See* Adv. Docket No. 8.]

As this Court is aware, the Chapter 13 Trustee has also filed a motion to dismiss case prior to confirmation [*see* Docket No. 23].

Creditors and Debtor, though their respective counsel, have been discussing stipulating to relief from the automatic stay to allow the State Court Action to proceed in all respects and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-1302-5895

2

Case: 22-30405   Doc# 88   Filed: 02/07/23   Entered: 02/07/23 13:44:58   Page 2 of 6

1  through final judgment, settlement, appeal, or other disposition, and staying the Adversary

2  Proceeding as well as the Debtor's objection to Creditors' claim, which objection is not yet before

3  the Court as the related notice on the Debtor's objection was stricken by the Court [*see* Bankr.

4  Docket No. 53], pending a final adjudication of Plaintiffs' complaint, as amended, in the State

5  Court Action as against Debtor. If a stipulation cannot be reached, Plaintiffs will seek relief from

6  the automatic stay and related relief. Plaintiffs further acknowledge ongoing discussions with

7  Debtor's counsel regarding the treatment of Creditors' claim.

8       Creditors amend their objection to the Plan because Creditors have additional concerns

9  with the Plan and the Plan as proposed is still unconfirmable for the reasons discussed below.

10  **II.     OBJECTION TO PLAN CONFIRMATION**

11       **A.     The Plan is Inadequate as Proposed and, Therefore, Cannot Be Confirmed.**

12       Under Section 3.14 of the Plan, Class 7 is supposed to consist of all other nonpriority

13  unsecured claims not provided for in Class 6. The Plan asserts Class 7 nonpriority unsecured

14  claims total $697.00, which does not adequately account for Plaintiffs' claim against Debtor.

15       Debtor's Plan provides that Class 7 shall receive no less than 100% of their allowed claims

16  through the Plan, where the monthly plan payments will continue for 60 months. The Plan notes

17  that if necessary to complete the Plan, monthly payments may continue for an additional 6 months,

18  but in no event may a plan be proposed and confirmed that exceeds 60 months.

19       Under Section 7.Nonstandard Provisions of the Plan, the Plan also provides in part, "7.01 -

20  Under Section 3.08 - Debtor has challenged the validity of Charles Li debt filed as proof of claim

21  #4 in an adversary proceeding. (AP 22-03114). Pending the results of the AP, Debtor provides the

22  adequate protection payments for claim #4 as set forth in Claim class 2(A)"; and, "7.02 - Under

23  Section 3.14 - Debtor has filed an objection to the validity of proof of claims number 1, 2, and 5.

24  Upon success, the remaining unsecured debts will be paid at 100%. In the alternative, none of the

25  (3) claims are liquidated so there is no set balance to be repaid at the moment. Should the claims

26  become liquidated, then Debtor will amend his plan to incorporate payoff of the debts."

27       Currently, the Plan only proposes to pay $200 monthly for 4 out of the 60 months and

28  $3,000 monthly for the remaining 56 months, totaling $168,800.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

### 1. Debtor's Plan Needs To Be Clear As To The Treatment Of Plaintiffs' Claim.

The language of Section 7 needs to be clear as to the treatment of Creditors' claim. It appears the Plan is proposing to pay Creditors 100% of their claim once it is reduced to a sum certain, but this must be made clear in the language of the Plan. The Plan must also show feasibility should Plaintiffs be successful in the State Court Action against Debtor, which it currently does not do.

### 2. Debtor's Projected Disposable Income Calculation Is Inaccurate And Must Be Corrected.

Although it appears from the Plan that Debtor proposes to pay 100% to unsecured claims through the Plan, including claims 1, 2, and 5 once reduced to a sum certain, Debtor asserts certain expenses on his Chapter 13 Calculation of Your Disposable Income (Official Form 122C-2) [Docket No. 11] ("Official Form 122C-2") when calculating his net disposable income that are questionable and must be corrected as it may affect the Plan under 11 U.S.C. § 1325(b)(1).

Specifically, the issues with Debtor's calculation of his net disposable income on Official Form 122C-2 include the following:

(1)     Based on Debtor's Schedule J [Docket No. 10], Debtor has a $0.00 expense for rental or home ownership expenses for his residence (which includes first mortgage payments and any rent for the ground or lot). Debtor's Schedule D [Docket No. 10] only reflects two secured claims in favor of Charles Li, which appear to be based on an abstract of judgment and not a mortgage. It is unclear, therefore, why Debtor is claiming an expense under item 9 of Official Form 122C-2 for housing and utilities-mortgage or rent expenses in the sum of $3,429.00 as there is no such mortgage or rent expense. That expense should be $0.00 on Official Form 122C-2.

(2)     Schedule J does not reflect any payments being made on Charles Li's secured claim(s) and, thus, this expense should also be reduced to $0.00 under item 9 of Debtor's Official Form 122C-2.

(3)     Debtor claims an operating expense for two vehicles under item 12 of Official Form 122C-2 using the IRS Local Standards; however, based on Debtor's amended Schedule A/B [Docket No. 76], Debtor only operates one vehicle which would mean Debtor should be claiming

a monthly operating expenses for one vehicle, not two. The other three vehicles on Debtor's schedules are co-owned with Debtor, but a non-debtor family member (not including Debtor's spouse, but instead either his daughter-in-law, son, or son-in-law) has daily use of the respective vehicle. Although Debtor discloses he maintains the insurance for those other vehicles, they are not necessary expenses of Debtor. Debtor's response to item 12 on Official Form 122C-2 should reflect Debtor's necessary expense for operation of the vehicle he uses.

(4) Debtor claims an additional monthly expense of $47 for additional food and clothing expense above the IRS National Standards under item 30 of Official Form 122C-2, which must also be justified as a reasonable and necessary expense.

Debtor's expenses should be accurately reflected on Official Form 122C-2; and Official Form 122C-2 should be amended to reflect only Debtor's actual, reasonable, and necessary expenses.

### 3. Debtor's Schedule J Should Reflect Necessary Expenses and Not Payments for Vehicle Insurance of His Daughter-In-Law, Son and Son-In-Law.

Schedule J [Docket No. 10] reflects a $400 monthly vehicle insurance payment, which should also be reduced to reflect Debtor's necessary expense for his vehicle insurance and not maintaining the vehicle insurance for the vehicles driven by a non-debtor family member.

### 4. The Plan Is Not Feasible As Proposed.

Pursuant to 11 U.S.C. § 1325(a)(6), the debtor must be able to make all payments under the plan and to comply with the plan. Respectfully, the Plan as proposed does not make numerical sense. The Plan is a 5-year plan. For the first 4 months, Debtor proposes to pay $200 per month; and, for the remaining 56 months, Debtor proposes to pay $3,000, totaling $168,800. Schedule J [Docket No. 10] states Debtor's monthly net income is $10,221.78. Assuming judgment is entered in favor of Plaintiffs and against Debtor in the sum of at least $830,753.08, the Plan does not appear feasible as the increased plan payments to pay the claim would exceed Debtor's monthly net income on Schedule J. The question also arises how would Debtor pay on claims 2 and 5 if they were successful. Debtor must show feasibility.

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-9130-5895

5

Case: 22-30405    Doc# 88    Filed: 02/07/23    Entered: 02/07/23 13:44:58    Page 5 of 6

**5. The Plan Must Pass the Best Interest of Creditor's Test.**

A chapter 13 plan must satisfy the best interest of creditors test. Under 11 U.S.C. § 1325(a)(4), the court shall confirm a plan if "the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date." That is, "[t]he payments to the creditors must equal or exceed the amount that the creditors would receive under Chapter 7." *United States v. Chavis (In re Chavis)*, 47 F.3d 818, 824 (6th Cir. 1995) (citation omitted). Part of the problem here is that Debtor's Plan does not adequately account for Plaintiffs' claim against Debtor. The Plan as proposed also would not provide as much as would be received if the case were converted.

**B.     Plaintiffs Question Whether The Plan Was Proposed In Good Faith.**

Under 11 U.S.C. § 1325(a)(3), the chapter 13 plan must have been proposed in good faith and not by any means forbidden by law. Here, Plaintiffs question whether Debtor's Plan is proposed in good faith because (1) of all of the money Debtor and his spouse paid into their retirement accounts [*see* amended Schedule A/B; Docket No. 76], which appears to be an attempt to avoid paying creditors; (2) the nature of Plaintiffs' claims, as amended, against Debtor in the State Court Action; (3) Debtor's calculation of his net disposable income (as noted above), which does not appear in good faith and has the potential to harm creditors; and (4) the feasibility issues should judgment be entered in favor of Plaintiffs.

**III.     CONCLUSION**

Based on the foregoing, Creditors contend that Debtor's Plan as proposed is still not confirmable. Creditors request that the Court sustain their objection to the Plan; that the Court not confirm the Plan; and such other and further relief as this Court deems just and proper. Creditors specifically reserve the right to further amend and supplement this objection.

DATED: February  7  , 2023          LEWIS BRISBOIS BISGAARD & SMITH LLP

By:      /s/Maria L. Garcia
_____
AMY L. GOLDMAN
MARIA L. GARCIA
Attorneys for BRYANT FU and CRYSTAL LEI