

Signed and Filed: February 15, 2023

_____
**HANNAH L. BLUMENSTIEL**
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Case No. 22-30405 HLB |
| THAI MING CHIU, | ) Chapter 13 |
| Debtor. | ) |

**ORDER REGARDING (1) DEBTOR'S OBJECTION TO PROOF OF CLAIM 5-1 FILED BY CREDITOR CHARLES LI; AND (2) STIPULATION BETWEEN DEBTOR AND CHARLES LI TO RELIEF FROM STAY**

This case comes before the court on a Stipulation Between Creditor Charles Li and Debtor . . . to Relief from Stay.[1] The Stipulation pertains to Proof of Claim No. 5-1, which Mr. Li timely filed on October 18, 2022 (the "Claim").

The Claim demands payment of $1.0 million, based on a cross-complaint filed by Mr. Li in Benita Chiu v. Charles Li, Case No. CGC-20-585017 (the "State Court Action"). According to Mr. Li's cross-complaint, Plaintiff Benita Chiu is Debtor Thai Ming Chiu's wife.

On December 19, 2022, Mr. Chiu objected to the Claim.[2] The Objection demands that the court establish the amount of the

---

[1] Dkt. 92 (the "Stipulation").

[2] Dkt. 32 (the "Objection").

Claim at $0.00, alleging that the State Court Action "is unliquidated and needs to be resolved." The Objection mischaracterizes the State Court Action as one commenced by Mr. Li and then alleges that "Charles Li's lawsuit" was dismissed with leave to amend on June 6, 2022. Mr. Chiu provides no credible evidence that the State Court Action was, in fact, dismissed, although based on the Stipulation, the parties do not dispute this allegation.

The Stipulation repeats the inaccuracies set forth in the Objection, but represents that Mr. Chiu and Mr. Li have resolved their dispute as to the Claim. The Stipulation also leaves several loose ends that must be tied off in order to fully resolve the Objection.

Accordingly, the court **ORDERS** as follows:

**1.** Subject to this order, the court hereby **OVERRULES** the Objection and **ALLOWS** the Claim in the amount of **$10,000.**

**2.** The court hereby grants to Mr. Li relief from the automatic stay imposed by 11 U.S.C. § 362(a) to the fullest extent necessary to permit him to prosecute the State Court Action, including through the conclusion of any appeals. The 14-day stay provided in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure shall not apply to this order.

**3.** During the pendency of this bankruptcy case, should Mr. Li obtain a judgment in his favor against Debtor Chiu in the State Court Action, Mr. Li may file an amended Claim.

**4.** Should Mr. Li amend his Claim during the pendency of this case, Mr. Chiu shall file within 7 business days after the filing of the amended Claim: **(a)** an amended plan; **or (b)** if

Mr. Chiu succeeds in confirming a plan, a motion to modify such confirmed plan to provide for payment on account of the amended Claim.

   **5.**   Within 14 calendar days from the date of entry of this order, Mr. Chiu shall file a declaration attesting under penalty of perjury to the status of any and all litigation in which Mr. Chiu is involved that also involves Mr. Li (the "<u>Li Litigation</u>").  The Li Litigation shall include, but is not limited to, the State Court Action.  For the duration of this case, Mr. Chiu shall file updated declarations explaining the status of the Li Litigation every 6 months from the date on which the first such declaration is filed.

   **6.**   Within calendar 14 days following entry of this order, Mr. Chiu shall file an amended plan that expressly incorporates the provisions of this order.

   **7.**   If Mr. Chiu fails to timely comply with this order at any time during the pendency of this case, the court will dismiss this case without further notice or hearing upon the filing of a declaration by the Standing Chapter 13 Trustee attesting to Mr. Chiu's lack of timely compliance and the submission of a dismissal order.

   **8.**   To the extent the Stipulation and this order differ, this order shall control.  To the extent consistent with this order, the Stipulation is hereby approved.

9. Nothing in this order or in the Stipulation shall have any impact whatsoever on Proof of Claim 4-1, also filed by Mr. Li or on <u>Chiu v. Li</u>, Adv. Proc. No. 22-3114 (Bankr. N.D. Cal.).

**\*\*END OF ORDER\*\***

**Court Service List**