**LEWIS BRISBOIS BISGAARD & SMITH** LLP
MICHAEL K. JOHNSON, SB# 130193
  E-Mail: Michael.Johnson@lewisbrisbois.com
FRANCIS J. TORRENCE, SB# 154653
  E-Mail: Francis.Torrence@lewisbrisbois.com
2185 North California Boulevard, Suite 300
Walnut Creek, California 94596
Telephone: 925.357.3456
Facsimile: 925.478.3260

AMY L. GOLDMAN, SB# 134088
  E-Mail: Amy.Goldman@lewisbrisbois.com
MARIA L. GARCIA, SB# 276135
  E-Mail: Maria.L.Garcia@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for BRYANT FU and CRYSTAL LEI

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>Thai Ming Chiu<br><br>*aka* Simon Chiu<br>*aka* Simon Thai Ming Chiu,<br><br>Debtor. | Case No.: 22-30405 HLB<br><br>Chapter 13<br><br>**STIPULATION BY AND BETWEEN DEBTOR/DEFENDANT AND PLAINTIFFS BRYANT FU AND CRYSTAL LEI TO TERMINATE THE AUTOMATIC STAY, TO STAY ADVERSARY PROCEEDING AND FOR RELATED RELIEF** |

This stipulation (the "Stipulation") is made and entered into by and between debtor/defendant Thai Ming Chiu *aka* Simon Chiu *aka* Simon Thai Ming Chiu (the "Debtor" or "Defendant") and plaintiffs Bryant Fu ("Fu") and Crystal Lei ("Lei", and Lei together with Fu are collectively referred to as the "Creditors" or "Plaintiffs") (the Defendant and Plaintiffs together are collectively referred to as the "Parties"), based on the following.

///

**RECITALS**

A. On or about January 31, 2017, Plaintiffs filed their verified complaint for fraudulent transfers and conspiracy to defraud against certain defendants including Debtor in the San Francisco County Superior Court, commencing the state court action bearing case number CGC-17-556769 (the "2017 State Court Action"). On or about April 7, 2022, Plaintiffs filed their verified first amended complaint for fraudulent transfers and conspiracy to engage in fraudulent transfer against certain defendants including Debtor in the 2017 State Court Action.

B. On or about June 12, 2017, Debtor filed his cross-complaint against Plaintiffs, among others, in the 2017 State Court Action for conspiracy on fraudulent conveyance and aiding and abetting fraud which was subsequently amended after several pleading motions with the operative third amended cross-complaint filed on or about March 7, 2022.

C. On August 10, 2022 (the "Petition Date"), Debtor filed a voluntary chapter 13 petition [*see* Bankr. Docket No. 1], thereby commencing his pending bankruptcy case bearing bankruptcy case number 22-30405 (the "Bankruptcy Case"). The 2017 State Court Action is currently stayed as to Plaintiffs' claims against Debtor because of Debtor's pending Bankruptcy Case.

D. On November 28, 2022, Plaintiffs filed their *Complaint To Determine Dischargeability Of Debt [11 U.S.C. § 523(a)(2)(A); 11 U.S.C. § 523(a)(6); And 11 U.S.C. § 1328(a)(2)]* against Defendant for (1) determination of dischargeability of debt under 11 U.S.C. §§ 523(a)(2)(A) and 1328(a)(2) – actual fraud; (2) determination of dischargeability of debt under 11 U.S.C. § 523(a)(6) – willful and malicious injury; and (3) determination of dischargeability of debt under 11 U.S.C. §§ 523(a)(2)(A) and 1328(a)(2) and 11 U.S.C. § 523(a)(6) – conspiracy to defraud, commencing the adversary proceeding before this Court bearing case number 22-03110 (the "Adversary Proceeding"). The debt that Plaintiffs seek to have rendered non-dischargeable in the Adversary Proceeding is the subject of the 2017 State Court Action by Plaintiffs against Debtor. [Adv. Docket No. 1.]

E. On December 19, 2022, Defendant filed his *Defendant Thai Ming Chiu's Answer to Complaint To Determine Dischargeability Of Debt [11 U.S.C. § 523(a)(2)(A); 11 U.S.C. §*

*523(a)(6); And 11 U.S.C. § 1328(a)(2)]* in the Adversary Proceeding [Adv. Docket No. 8].

      F.      The initial status conference in the Adversary Proceeding was scheduled to take place on February 2, 2023, at 02:00 p.m., but was continued to May 11, 2023, at 02:00 p.m.

      G.      In the main Bankruptcy Case, Debtor also filed an *Objection To Claim #1; Memorandum Of Points And Authorities* [Bankr. Docket No. 36] (the "Debtor's Objection to Claim"), which matter is not yet before the Court as the related notice on the Debtor's Objection to Claim was striken by the Court [*see* Bankr. Docket No. 53].

      H.      The Parties now wish to stipulate, subject to this Court's approval, to relief from the automatic stay of 11 U.S.C. § 362(a) as to the 2017 State Court Action pursuant to 11 U.S.C. §§ 105(a) and 362(d)(1), to stay the Adversary Proceeding and the Debtor's Objection to Claim until Plaintiffs' complaint, as amended, against Debtor in the 2017 State Court Action is finally decided, and to other related relief.

## STIPULATION

**NOW, THEREFORE**, the Parties hereby stipulate and agree, subject to this Court's approval, as follows:

1. The above Recitals are incorporated by reference as if set forth fully herein.

2. The automatic stay of 11 U.S.C. § 362(a) shall be and is terminated pursuant to 11 U.S.C. §§ 105(a) and 362(d)(1) as to the Debtor and the Debtor's bankruptcy estate and as to Plaintiffs to allow the 2017 State Court Action to proceed in all respects and through final judgment, settlement, appeal, or other disposition, including, but not limited to, Plaintiffs pursuing their complaint and their complaint as amended against Debtor in all respects and through final judgment, settlement, appeal, or other disposition; Plaintiffs pursuing any defenses and/or counter- or cross-claims against Debtor's cross-complaint and Debtor's cross-complaint as amended in all respects and through final judgment, settlement, appeal, or other disposition; and Plaintiffs pursuing any and all of Plaintiffs' rights against Debtor in the 2017 State Court Action.

3. The 14-day stay prescribed by Federal Rule of Bankruptcy Procedure 4001(a)(3) shall be and is waived so that the Order granting this Stipulation is effective immediately.

4. The Adversary Proceeding and Debtor's Objection to Claim shall be and are stayed

pending final adjudication of Plaintiffs' complaint and complaint as amended in the 2017 State Court Action against Debtor.

5. Within two weeks of a final, non-appealable order or judgment being entered on Plaintiffs' complaint, as amended, in the 2017 State Court Action as against Debtor, the Parties shall file with this Court statement(s) in the main Bankruptcy Case and Adversary Proceeding regarding lifting the stays as to the Adversary Proceeding and Debtor's Objection to Claim.

6. The Court shall continue the status conference in the Adversary Proceeding to a date and time most convenient for the Court. All deadlines associated with Rule 7026 of the Federal Rules of Bankruptcy Procedure and this Court's *Order Re Initial Disclosures and Discovery Conference* and related deadlines shall be stayed until reset by this Court at a status conference in the Adversary Proceeding.

7. Following final adjudication of the 2017 State Court Action as to Plaintiffs' claims against Debtor, the Parties agree that Plaintiffs will amend their proof of claim filed in the Bankruptcy Case in accordance with the final judgment or other disposition on Plaintiffs' claims. Within seven (7) business days of Plaintiffs amending their proof of claim, Debtor will amend his chapter 13 plan to provide for payment in full of Plaintiffs' amended proof of claim. To the extent necessary Debtor will seek authority and/or approval from this Court to amend his chapter 13 plan as set forth herein.

8. Nothing in this Stipulation and the accompanying Order granting the Stipulation shall be construed as waiving any rights, claims, defenses, and/or counterclaims of any parties to the 2017 State Court Action, the Adversary Proceeding, the Bankruptcy Case and/or any action, except as to Debtor's agreement to lift the automatic stay as provided herein.

9. This Stipulation may be executed in one or more counterparts, any and all of which shall be deemed an original. The Parties shall be bound by their signatures transmitted by facsimile or electronic mail (in pdf format) as if such signatures were original "ink" signatures.

**SO STIPULATED.**

*[signatures follow on next page]*

| | | |
|---|---|---|
| 1 | DATED: February 10, 2023 | MICHAEL K. JOHNSON |
| 2 | | FRANCIS J. TORRENCE |
| | | AMY L. GOLDMAN |
| 3 | | MARIA L. GARCIA |
| | | LEWIS BRISBOIS BISGAARD & SMITH LLP |

By: /s/ Maria L. Garcia
MARIA L. GARCIA
Attorneys for BRYANT FU and CRYSTAL LEI

DATED: February __, 2023   LAW OFFICE OF EDDY HSU

By: _____
EDDY HSU
Attorneys for THAI MING CHIU

DATED: February __, 2023   LAW OFFICES OF CASALINA AND DISSTON

By: _____
LEEDS DISSTON
Attorneys for THAI MING CHIU

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

4870-3611-7579.1

5

| | | |
|---|---|---|
| 1 | DATED: February ___, 2023 | MICHAEL K. JOHNSON |
| 2 | | FRANCIS J. TORRENCE |
| | | AMY L. GOLDMAN |
| 3 | | MARIA L. GARCIA |
| | | LEWIS BRISBOIS BISGAARD & SMITH LLP |

By: _____
MARIA L. GARCIA
Attorneys for BRYANT FU and CRYSTAL LEI

DATED: February 10, 2023          LAW OFFICE OF EDDY HSU

By: /s/ Eddy Hsu
EDDY HSU
Attorneys for THAI MING CHIU

DATED: February ___, 2023          LAW OFFICES OF CASALINA AND DISSTON

By: _____
LEEDS DISSTON
Attorneys for THAI MING CHIU

| | | |
|---|---|---|
| 1 | DATED: February ___, 2023 | MICHAEL K. JOHNSON |
| 2 | | FRANCIS J. TORRENCE |
| | | AMY L. GOLDMAN |
| 3 | | MARIA L. GARCIA |
| | | LEWIS BRISBOIS BISGAARD & SMITH LLP |

By: _____
MARIA L. GARCIA
Attorneys for BRYANT FU and CRYSTAL LEI

DATED: February 10, 2023   LAW OFFICE OF EDDY HSU

By: _____
EDDY HSU
Attorneys for THAI MING CHIU

DATED: February 12, 2023   LAW OFFICES OF CASALINA AND DISSTON

By: _____
LEEDS DISSTON
Attorneys for THAI MING CHIU

5

4870-3611-7579.1