EDDY HSU, ESQ. (BAR # 245390)
LAW OFFICE OF EDDY HSU
1900 S NORFOLK STREET, SUITE 350
SAN MATEO, CALIFORNIA 94403
(650) 577-5950
Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In Re:

Thai Ming Chiu,
      Debtor.

Case No. 22-30405 HLB

Chapter 13

STIPULATION BY AND BETWEEN CREDITORS BRYANT FU AND CRYSTAL LEI AND DEBTOR THAI MING CHIU RELATED TO OBJECTION TO CLAIM NO. 1-1

Debtor **Thai Ming Chiu** (the "Debtor" or "Defendant") and Creditors **Bryant Fu** ("Fu") and **Crystal Lei** ("Lei", and Lei together with Fu are collectively referred to as the "Creditors" or "Plaintiffs") (the Debtor and Creditors together are collectively referred to as the "Parties") hereby make the following stipulation related to the Debtor's objection to Creditors' filed proof of claim (herein the "Stipulation Regarding Objection").

**RECITALS**

1. Creditors timely filed Proof of Claim No. 1-1 ("Claim No. 1-1") for $1,513,501.79 on September 19, 2022 in the Debtor's Chapter 13 bankruptcy case (the "Bankruptcy Case"). As basis for the claim, Creditors included a filed copy of their verified first amended complaint filed in the state court action before the San Francisco County Superior Court (case number CGC-17-556769) (the "2017 State Court Action").

2. Debtor filed an objection to Claim No. 1-1 [*see* Bankr. Docket No. 36] (the "Debtor's Objection to Claim") which the Court struck but the objection was referenced in the Debtor's Second Amended Plan.

3. Subsequently, the Parties filed the *Stipulation By and Between Debtor/Defendant and Plaintiffs Bryant Fu and Crystal Lei to Terminate the Automatic Stay, to Stay Adversary Proceeding and for Related Relief* [Bankr. Docket No. 95] (the "Stipulation for Relief from Stay").

4. The Court issued a docket text order on February 16, 2023 and set a hearing on the Stipulation for Relief from Stay to determine how the Court might be able to confirm a plan while the Debtor's Objection to Claim is pending and because the Stipulation for Relief from Stay did not reflect the approval of the Standing Chapter 13 Trustee.

5. Accordingly, the stipulation for relief from stay and for related relief was recirculated for signatures including the signature of the Standing Chapter 13 Trustee.

6. The *Stipulation By and Between Debtor/Defendant and Plaintiffs Bryant Fu and Crystal Lei to Terminate the Automatic Stay, to Stay Adversary Proceeding and for Related Relief* with the Trustee's approval was filed on March 13, 2023 [Bankr. Docket No. 102] (the "Stipulation for Relief from Stay With Trustee's Approval").

## STIPULATION

Now, therefore, the Parties hereby stipulate and agree, subject to this Court's approval, as follows:

7. For purposes of plan confirmation, and subject to the other provisions of this Stipulation Regarding Objection, the Parties agree that Claim No. 1-1 is the placeholder amount of $10,000.00.

8. In accordance with Paragraph 7 of the Stipulation for Relief from Stay With Trustee's Approval:

> Following final adjudication of the 2017 State Court Action as to
> Plaintiffs' claims against Debtor, the Parties agree that Plaintiffs

91404361.1  2                        Stipulation

Case: 22-30405   Doc# 103   Filed: 03/14/23   Entered: 03/14/23 15:27:02   Page 2 of 4

will amend their proof of claim filed in the Bankruptcy Case in accordance with the final judgment or other disposition on Plaintiffs' claims. Within seven (7) business days of Plaintiffs amending their proof of claim, Debtor will amend his chapter 13 plan to provide for payment in full of Plaintiffs' amended proof of claim. To the extent necessary Debtor will seek authority and/or approval from this Court to amend his chapter 13 plan as set forth herein.

9. If the Debtor succeeds in confirming a plan using the placeholder amount, the motion to modify such confirmed plan to provide for payment in full of Plaintiffs' amended proof of claim must be filed by the Debtor within seven (7) business days of Plaintiffs amending their proof of claim to reflect the finally adjudicated amount.

10. This Stipulation Regarding Objection resolves the Debtor's Objection to Claim as provided herein.

11. The Stipulation for Relief from Stay With Trustee's Approval is controlling but is modified only to the extent that the Debtor's Objection to Claim is not stayed.

12. Nothing in this Stipulation Regarding Objection and the accompanying Order granting this stipulation shall be construed as waiving any rights, claims, defenses, and/or counterclaims of any parties to the 2017 State Court Action and Creditors' pending adversary proceeding against Debtor (case number 22-03110).

13. This Stipulation may be executed in one or more counterparts, any and all of which shall be deemed an original. The Parties shall be bound by their signatures transmitted by facsimile or electronic mail (in pdf format) as if such signatures were original "wet" signatures.

**SO STIPULATED.**

*[signatures continue on next page]*

DATED: March 14, 2023

MICHAEL K. JOHNSON
FRANCIS J. TORRENCE
AMY L. GOLDMAN
MARIA L. GARCIA
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
MARIA L. GARCIA
Attorneys for BRYANT FU and CRYSTAL LEI

DATED: March 14, 2023

LAW OFFICE OF EDDY HSU

By: _____
EDDY HSU
Attorney for THAI MING CHIU

91404361.1 4                Stipulation