**LEWIS BRISBOIS BISGAARD & SMITH** LLP
MICHAEL K. JOHNSON, SB# 130193
   E-Mail: Michael.Johnson@lewisbrisbois.com
FRANCIS J. TORRENCE, SB# 154653
   E-Mail: Francis.Torrence@lewisbrisbois.com
2185 North California Boulevard, Suite 300
Walnut Creek, California 94596
Telephone: 925.357.3456
Facsimile: 925.478.3260

AMY L. GOLDMAN, SB# 134088
   E-Mail: Amy.Goldman@lewisbrisbois.com
MARIA L. GARCIA, SB# 276135
   E-Mail: Maria.L.Garcia@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for BRYANT FU and CRYSTAL LEI

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No.: 22-30405 HLB |
| Thai Ming Chiu | Chapter 13 |
| *aka* Simon Chiu<br>*aka* Simon Thai Ming Chiu,<br><br>    Debtor. | **STIPULATION BY AND BETWEEN DEBTOR/DEFENDANT THAI MING CHIU AND CREDITORS/PLAINTIFFS BRYANT FU AND CRYSTAL LEI TO TERMINATE THE AUTOMATIC STAY AND FOR OTHER RELIEF** |

     This stipulation (the "Stipulation") is made and entered into by and between debtor/defendant Thai Ming Chiu *aka* Simon Chiu *aka* Simon Thai Ming Chiu (the "Debtor" or "Defendant") and creditors/plaintiffs Bryant Fu ("Fu") and Crystal Lei ("Lei", and Lei together with Fu are collectively referred to as the "Creditors" or "Plaintiffs") (the Debtor and Creditors together are collectively referred to as the "Parties"), based on the following:

<u>**RECITALS**</u>

     A.    On or about January 31, 2017, Creditors filed their verified complaint for

92354878.1

fraudulent transfers and conspiracy to defraud against certain defendants including Debtor in the San Francisco County Superior Court, commencing the state court action bearing case number CGC-17-556769 (the "2017 State Court Action"). On or about April 7, 2022, Creditors filed their verified first amended complaint for fraudulent transfers and conspiracy to engage in fraudulent transfer against certain defendants including Debtor in the 2017 State Court Action.

B. On or about June 12, 2017, Debtor filed his cross-complaint against Creditors, among others, in the 2017 State Court Action for conspiracy on fraudulent conveyance and aiding and abetting fraud which was subsequently amended after several pleading motions with the operative third amended cross-complaint filed on or about March 7, 2022.

C. On August 10, 2022 (the "Petition Date"), Debtor filed a voluntary chapter 13 petition [*see* Bankr. Docket No. 1], thereby commencing his pending bankruptcy case bearing bankruptcy case number 22-30405 (the "Bankruptcy Case"). The 2017 State Court Action is currently stayed as to Creditors' claims against Debtor because of Debtor's pending Bankruptcy Case.

D. Creditors timely filed their Proof of Claim No. 1-1 ("Claim No. 1-1") for $1,513,501.79 on September 19, 2022 in Debtor's Bankruptcy Case. As basis for the claim, Creditors included a filed copy of their verified first amended complaint.

E. Debtor filed an objection to Claim No. 1-1 [*see* Bankr. Docket No. 36] (the "Debtor's Objection to Claim"), which matter is not yet before the Court as the related notice on the Debtor's Objection to Claim was stricken by the Court [*see* Bankr. Docket No. 53].

F. On November 28, 2022, Creditors filed their *Complaint To Determine Dischargeability Of Debt [11 U.S.C. § 523(a)(2)(A); 11 U.S.C. § 523(a)(6); And 11 U.S.C. § 1328(a)(2)]* against Debtor for (1) determination of dischargeability of debt under 11 U.S.C. §§ 523(a)(2)(A) and 1328(a)(2) – actual fraud; (2) determination of dischargeability of debt under 11 U.S.C. § 523(a)(6) – willful and malicious injury; and (3) determination of dischargeability of debt under 11 U.S.C. §§ 523(a)(2)(A) and 1328(a)(2) and 11 U.S.C. § 523(a)(6) – conspiracy to defraud, commencing the adversary proceeding before this Court bearing case number 22-03110 (the "Adversary Proceeding"). The debt that Creditors seek to have rendered non-dischargeable in

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

92354878.1

the Adversary Proceeding is the subject of the 2017 State Court Action by Creditors against Debtor. [Adv. Docket No. 1.]

  G. On December 19, 2022, Debtor filed an answer in the Adversary Proceeding [Adv. Docket No. 8].

  H. The Parties wish to stipulate, subject to this Court's approval, to relief from the automatic stay of 11 U.S.C. § 362(a) as to the 2017 State Court Action, other relief resolving Debtor's Objection to Claim and other relief as provided herein. This Stipulation is prepared in light of this Court's docket text order issued on March 15, 2023, and is intended to supersede the stipulations filed at Bankruptcy Docket numbers 95, 102 and 103.

<u>**STIPULATION**</u>

  **NOW, THEREFORE**, the Parties hereby stipulate and agree, subject to this Court's approval, as follows:

  1. The above Recitals are incorporated by reference as if set forth fully herein.

  2. The automatic stay of 11 U.S.C. § 362(a) shall be and is terminated pursuant to 11 U.S.C. § 362(d)(1) as to the Debtor and the Debtor's bankruptcy estate and as to Plaintiffs to allow the 2017 State Court Action to proceed in all respects and through final judgment, settlement, appeal, or other disposition, including, but not limited to, Plaintiffs pursuing their complaint and their complaint as amended against Debtor in all respects and through final judgment, settlement, appeal, or other disposition; Plaintiffs pursuing any defenses and/or counter- or cross-claims against Debtor's cross-complaint and Debtor's cross-complaint as amended in all respects and through final judgment, settlement, appeal, or other disposition; and Plaintiffs pursuing any and all of Plaintiffs' rights against Debtor in the 2017 State Court Action. Should the 2017 State Court Action result in entry of a judgment or order in favor of Fu and/or Lei against Debtor, they may take no action to collect any such judgment or order against Debtor without prior approval of this Court.

  3. The 14-day stay prescribed by Federal Rule of Bankruptcy Procedure 4001(a)(3) shall be and is waived so that the Order granting this Stipulation is effective immediately.

  4. The Parties further stipulate that for purposes of plan confirmation, and subject to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

the provisions of Paragraphs 5, 6 and 7 of this Stipulation, the Parties agree that Claim No. 1-1 is the placeholder amount of $10,000.00.

5. Following final adjudication of the 2017 State Court Action as to Plaintiffs' claims against Debtor, the Parties agree that Plaintiffs will amend their proof of claim filed in the Bankruptcy Case in accordance with the final judgment or other disposition on Plaintiffs' claims.

6. Within seven (7) calendar days of Plaintiffs amending their proof of claim to reflect the finally adjudicated amount, Debtor will amend his chapter 13 plan to provide for payment in full of Plaintiffs' amended proof of claim. To the extent necessary Debtor will seek authority and/or approval from this Court to amend his chapter 13 plan to account for Plaintiffs' amended proof of claim in full.

7. If Debtor succeeds in confirming a plan using the placeholder amount, Debtor will seek to modify such confirmed plan to account for Plaintiffs' amended proof of claim reflecting the finally adjudicated amount in full. The motion to modify such confirmed plan to provide for payment in full of Plaintiffs' amended proof of claim must be filed by Debtor within seven (7) calendar days of Plaintiffs amending their proof of claim to reflect the finally adjudicated amount.

8. This Stipulation resolves the Debtor's Objection to Claim as provided herein.

9. Within fourteen (14) calendar days following entry of the Order approving this Stipulation, Debtor shall file an amended plan that expressly incorporates the provisions of this Stipulation.

10. The Parties further acknowledge that they are discussing resolution of Creditors' pending objection to the confirmation of Debtor's amended plan. If Creditors have an objection to the confirmation of Debtor's fourth amended plan, they must file it within ten (10) calendar days of the filing of said plan. If Creditors file such an objection, or fail to withdraw their pending objection to confirmation within ten (10) calendar days of the filing of the fourth amended plan, Debtor will notice the matter for hearing within ten (10) calendar days so that the issues raised in the objection can be litigated.

11. Following the entry of the Order approving this Stipulation, the Parties shall promptly file a stipulation in the Adversary Proceeding (the "Adversary Proceeding Stipulation")

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

92354878.1

that stays the Adversary Proceeding for all purposes pending conclusion of the 2017 State Court Action. The Adversary Proceeding Stipulation shall require the Parties to file joint or separate status statements every six (6) months through the conclusion of the 2017 State Court Action, advising this Court of the status of the 2017 State Court Action.

12. The Parties shall also file joint or separate status statements every six (6) months in the Bankruptcy Case through the conclusion of the 2017 State Court Action, advising this Court of the status of the 2017 State Court Action. The statements filed in the Bankruptcy Case may be identical to those that should be filed pursuant to the anticipated Adversary Proceeding Stipulation.

13. Nothing in this Stipulation and the accompanying Order granting the Stipulation shall be construed as waiving any rights, claims, defenses, and/or counterclaims of any parties to the 2017 State Court Action, the Adversary Proceeding, the Bankruptcy Case and/or any action, except as to Debtor's agreement to lift the automatic stay as provided herein.

14. This Stipulation may be executed in one or more counterparts, any and all of which shall be deemed an original. The Parties shall be bound by their signatures transmitted by facsimile or electronic mail (in pdf format) as if such signatures were original "ink" signatures.

**SO STIPULATED.**

*[signatures follow on next page]*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

92354878.1

```
1   DATED: _____, 2023         MICHAEL K. JOHNSON
                                         FRANCIS J. TORRENCE
2                                        AMY L. GOLDMAN
                                         MARIA L. GARCIA
3                                        LEWIS BRISBOIS BISGAARD & SMITH LLP

4

5                                        By: _____
6                                             MARIA L. GARCIA
                                              Attorneys for BRYANT FU and CRYSTAL LEI
7   DATED: 4/3/_____, 2023              LAW OFFICE OF EDDY HSU
8

9
                                         By: _____
10                                           EDDY HSU
11                                           Attorneys for THAI MING CHIU

12
    DATED: _____, 2023          LAW OFFICES OF CASALINA AND DISSTON
13

14

15                                       By: _____
16                                            LEEDS DISSTON
                                              Attorneys for THAI MING CHIU
17  APPROVED:
18  DATED: _____, 2023          CHAPTER 13 TRUSTEE
19

20                                       By:_____
21                                       David Burchard, Chapter 13 Trustee

22

23

24

25

26

27

28
```

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

92354878.1

6

| | |
|---|---|
| 1 | DATED: _____, 2023 |
| 2 | |
| 3 | |
| 4 | |

DATED: _____, 2023
MICHAEL K. JOHNSON
FRANCIS J. TORRENCE
AMY L. GOLDMAN
MARIA L. GARCIA
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
MARIA L. GARCIA
Attorneys for BRYANT FU and CRYSTAL LEI

DATED: _____, 2023
LAW OFFICE OF EDDY HSU

By: _____
EDDY HSU
Attorneys for THAI MING CHIU

DATED: _____, 2023
LAW OFFICES OF CASALINA AND DISSTON

By: _____
LEEDS DISSTON
Attorneys for THAI MING CHIU

**APPROVED:**

DATED: April 12, 2023
CHAPTER 13 TRUSTEE

By: _____
~~David Burchard, Chapter 13 Trustee~~
Brisa C. Ramirez, Staff Attorney
for David Burchard, Ch. 13 Trustee

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

92354878.1

6

| | |
|---|---|
| 1 | DATED: _____, 2023 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | DATED: _____, 2023 |
| 8 | |

DATED: _____, 2023    MICHAEL K. JOHNSON
FRANCIS J. TORRENCE
AMY L. GOLDMAN
MARIA L. GARCIA
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
MARIA L. GARCIA
Attorneys for BRYANT FU and CRYSTAL LEI

DATED: _____, 2023    LAW OFFICE OF EDDY HSU

By: _____
EDDY HSU
Attorneys for THAI MING CHIU

DATED: April 12, 2023    LAW OFFICES OF CASALINA AND DISSTON

By: _____
LEEDS DISSTON
Attorneys for THAI MING CHIU

**APPROVED:**

DATED: April 12, 2023    CHAPTER 13 TRUSTEE

By: _____
~~David Burchard, Chapter 13 Trustee~~
Brisa C. Ramirez, Staff Attorney
for David Burchard, ch. 13 Trustee

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

92354878.1

6

| | |
|---|---|
| 1 | DATED: _April 17_, 2023 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | DATED: _____, 2023 |
| 8 | |

DATED: _April 17_, 2023     MICHAEL K. JOHNSON
FRANCIS J. TORRENCE
AMY L. GOLDMAN
MARIA L. GARCIA
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
MARIA L. GARCIA
Attorneys for BRYANT FU and CRYSTAL LEI

DATED: _____, 2023     LAW OFFICE OF EDDY HSU

By: _____
EDDY HSU
Attorneys for THAI MING CHIU

DATED: _____, 2023     LAW OFFICES OF CASALINA AND DISSTON

By: _____
LEEDS DISSTON
Attorneys for THAI MING CHIU

APPROVED:

DATED: _____, 2023     CHAPTER 13 TRUSTEE

By: _____
David Burchard, Chapter 13 Trustee

92354878.1

6

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW