EDDY HSU, ESQ. (BAR # 245390)
LAW OFFICE OF EDDY HSU
1900 S NORFOLK ST, SUITE 350
SAN MATEO, CA 94403
(650) 577-5950
Attorneys for Debtor(s)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In Re:

**Thai Ming Chiu**,

Debtor(s).

Case No. 22-30405

Chapter 13

**RESPONSE TO OBJECTION TO PLAN BY TONY FU**

Claimant: Tony Fu

**Relevant facts**

1. Debtor filed for bankruptcy on August 10, 2022.

2. Creditor Tony Fu filed an Objection to Chapter 13 Plan on September 28, 2022. (dckt 18)

3. The Court issued ORDER REGARDING DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 2-1 FILED BY CREDITOR TONY FU on February 15, 2023 which set Creditor's claim to $0.00 for purposes of plan confirmation, granted Creditor relief from stay to continue with State litigation, and leave to amend Creditor's claim upon final adjudication of State claims. (docket item 96)

4. Debtor filed his Fourth Amended Plan on April 21, 2023 which incorporated all terms of the above Order.

5. Creditor has not withdrawn his objections nor has he made any new claims.

**Creditor's objection based on valuation of real property has been resolved or is unsupported.**

Creditor's objection to the Debtor's valuation of real property (under 1322(b)(2)) should be overruled because Debtor amended his valuation of real property to match a different Creditor's

RESPONSE TO OBJECTION TO PLAN

expert's appraisal. Specifically, Creditor Bryant Fu (Tony Fu's son) filed an objection to plan which included an expert's appraisal of real property at $1,875,000.00 as of September 7, 2022. (*attached as Exhibit A is the expert Janette Miller's declaration; the full appraisal report available as docket item 19-1*). <u>The appraisal is the only piece of neutral evidence provided by any party in the bankruptcy</u>.

In the expert's report, she states that valuation was intended for the bankruptcy proceeding with a valuation date of September 7, 2022. (*Exhibit A, point 6 - 7*) Under <u>In re Benafel</u>, *461 B.R. 581 (B.A.P. 9th Cir. 2011)* and <u>In re Dwight</u>, *2013 Bankr. LEXIS (Bankr. N.D.Cal. 2013)*, the date of filing is proper date for valuation. Debtor agreed to the expert's appraisal and amended his schedules to match. Debtor believes this valuation is appropriate and does not believe a motion to value will produce any meaningful difference.

Meanwhile, Creditor Tony Fu does not provide any appraisal report regarding the value of real property. Instead, Creditor Fu states that the real property should be valued at $2.7 million dollars without any basis except that "Debtor said so," no date or context provided. While a Debtor may express his opinion on the value of real property, any motion to value will rely on expert testimony, not just Debtor's opinion.

In summary, comparing the two possible valuation numbers, the Debtor's adoption of a Creditor's expert is a much more reasonable choice and the objection should be overruled.

**<u>Creditor's objection that his claim is not being paid is moot.</u>**

Creditor's objection that the Chapter 13 plan does not meet the "best interest" is moot because Creditor's claim was reduced to $0.00 and would not (for the moment) receive anything in a Chapter 7 plan. Furthermore, Debtor's current Chapter 13 plan proposes 100% repayment

to all unsecured claims which is the most any Chapter 7 would provide.  Therefore, the Creditor's objection that the plan not is satisfying the best interest should be overruled.

**Creditor's objection under 11 USC 1325(a)(3) is completely unsupported.**

Creditor's objection under 11 USC 1325(a)(3) should be overruled as without any basis or fact.  For example, the Creditor alleges that the Chapter 13 plan was infeasible but Debtor has more than $8,000 of disposable income to make his plan payments which is considerably more than Debtor's proposed payments of $5,000 a month.  Debtor and his spouse have pension and social security income totaling $16,807 a month.  These amounts will only increase each year for cost of living adjustments, they will never decrease. Therefore feasibility is not an issue in the plan.

Additionally, there is no actual proof of bad faith in his filing because Debtor has proposed a plan that is both feasible and confirmable.  Creditor has not satisfied any of the Eisen totality of circumstances requirement. (*See In re Eisen, 14 F.3d 469 (9th Cir. 1994)*)  Specifically,

 (1) whether the debtor misrepresented facts in his or her petition or plan, unfairly manipulated the Bankruptcy Code or otherwise filed the Chapter 13 petition or plan in an inequitable manner;
(2) the debtor's history of filings and dismissals;
(3) whether the debtor's only purpose in filing for chapter 13 protection is to defeat state court litigation; and
(4) whether egregious behavior is present.

*See In re Leavitt, 171 F.3d 1219, 1224 (9th Cir. 1999).*

1. Debtor has not misrepresented facts in his Petition or plan because he only has one major asset (his home) and his income is all retirement-based set monthly payments. Debtor has amended schedules when Creditors disagreed on valuation or to correct a few clerical oversites, however, Debtor has not hidden any assets nor lied about his income.  In all of Debtor's proposed plans, contested Creditors are treated either fairly

RESPONSE TO OBJECTION TO PLAN

and, in general, will be paid at 100% of allowed claims.  Creditor Fu is not going to get paid until he wins his lawsuit, regardless if there is a pending bankruptcy or not.  Requiring Creditor Fu to win his state lawsuit is no bad faith, it is due process.

2. Debtor has not filed any prior bankruptcies and does not have any dismissals.

3. Debtor did not file bankruptcy to defeat state court litigation.  In fact, he is winning the state court litigation against Tony Fu.

4. Debtor has been extremely cooperative in the bankruptcy.  Debtor has granted relief from stay without requiring motions.  Debtor has made several stipulations with opposing creditors that will actually move his case towards confirmation instead of just delaying collections.  Debtor has not taken any actions that would be manipulative or egregious in the bankruptcy.

In summary, Debtor did not use his bankruptcy to "game the system" and get a litigation advantage. Debtor has treated all creditors fairly. Under Eisen and Levitt, Debtor has met all the requirements for a good faith bankruptcy.  Just because Creditor does not like the bankruptcy does not mean it was filed in bad faith.

Debtor prays that the objection to plan be overruled and that Debtor's plan be confirmed.

Dated: May 1, 2023                            _____/s/ Eddy Hsu_____
                                                            Eddy Hsu, Esq,
                                                            Attorney for Debtor